**STATE of Iowa, Appellee,**

v.

**Paul Joel RAY, Appellant.**

**No. 93–1005.**

Supreme Court of Iowa.

May 25, 1994.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Mary Tabor, Asst. Atty. Gen., and Steven J. Oeth, County Atty., for appellee.

Considered by HARRIS, P.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

NEUMAN, Justice.

A jury convicted defendant Paul Joel Ray of going armed with intent, assault while displaying a dangerous weapon, and simple assault in violation of Iowa Code sections 708.8, 708.2(3), and 708.2(4) (1991). On appeal Ray asserts claims of ineffective assistance of counsel, and contends the court violated double jeopardy principles by imposing sentences on both the going armed with intent and simple assault convictions. We affirm.

A jury could have found the following facts. After a day of drinking and playing cards, Ray became angry with two houseguests—Gaylynn Bucklin and Justin Kelly—and ordered them out of his house. Bucklin responded by pushing Ray in the chest. Ray then knocked Bucklin to the floor, striking her about the face and attempting to choke her. When Kelly interceded, a fight broke out between Ray, Kelly, and another guest. Ray retreated to the kitchen and returned wielding a knife with a nine-and-one-half-inch blade. He followed Kelly into the front yard, cutting Bucklin with the knife as she tried to block his path.

Meanwhile, on the street outside Ray's home, police officer James Hughes was investigating a hit-and-run accident allegedly involving one of Ray's other guests. Hughes noticed the commotion in time to observe Ray in the front yard lunging at Kelly with the knife. When Hughes ordered Ray to drop the weapon, Ray responded, "No, I'm going to get this guy." The officer then drew his service revolver, again ordering Ray to put the knife down. Ray complied and retreated into the house where Hughes placed him under arrest.

Ray was tried on charges of going armed with a dangerous weapon with intent to use it against Kelly, assaulting Kelly and Bucklin by using or displaying a dangerous weapon, and assaulting Bucklin causing bodily injury. Kelly did not appear for trial. Over defense counsel's generalized objection, the State was permitted to introduce Kelly's deposition testimony. At the close of the State's case, defense counsel moved for judgment of acquittal. The court denied the motion.

The court instructed the jury that if it found Ray guilty of going armed with intent, it was statutorily prohibited from convicting him of assault against Kelly by using or displaying a dangerous weapon. *See* Iowa Code § 708.2(3). The court instructed the jury, however, that Ray could be convicted of the latter crime's lesser included offense, simple assault. *See* Iowa Code § 708.2(4). Defense counsel registered no objection to the instructions.

Ray was convicted of going armed with intent, assault with a dangerous weapon (against Bucklin), and simple assault. This appeal followed.

### I. *Ineffective assistance of counsel.*

Ray's principal contention on appeal relates to defense counsel's failure to challenge the State's proof of "going armed," and counsel's failure to challenge the introduction of Kelly's deposition testimony.

■ Customarily such ineffective assistance of counsel claims are preserved for postconviction proceedings. *State v. Buck,* 510 N.W.2d 850, 853 (Iowa 1994). They may be resolved on direct appeal, however, when the record adequately addresses the issues. *Id.* This is such a case. Because Ray asserts a violation of his constitutional right to fair trial, our scope of review is de novo. *Taylor v. State,* 352 N.W.2d 683, 684 (Iowa 1984).

■ To prevail on a claim of ineffective assistance of counsel, defendant must prove by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *State v. Constable,* 505 N.W.2d 473, 479 (Iowa 1993). This two-pronged test requires, first, that defen-

dant overcome the strong presumption that counsel was competent. *Brewer v. State,* 444 N.W.2d 77, 83 (Iowa 1989). Second, defendant must prove that counsel's error worked to his actual and substantial disadvantage, creating a reasonable probability that but for the error the trial's result would have been different. *Id.* (citing *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674, 699 (1984)).

A. *"Going armed."* Ray's counsel moved generally for judgment of acquittal on the going-armed-with-intent charge, but his appellate counsel claims he ineffectively failed to pinpoint the error now urged: that as a matter of law, Ray cannot be convicted of going armed with intent because he did not "go" anywhere.

■ Iowa Code section 708.8 does not define "going armed." We have held, however, that "armed" means "the conscious and deliberate keeping of a [dangerous weapon] on or about the person, available for immediate use." *State v. Alexander,* 322 N.W.2d 71, 72 (Iowa 1982); *see* 1 Iowa Criminal Jury Instructions 800.16. Applying this definition, a jury could easily find under this record that Ray was *armed* with a knife. Both Officer Hughes and Bucklin testified that Ray intentionally lunged at Kelly with the knife in his hand. As for "going" armed, we believe the term necessarily implicates proof of movement. That requirement is met here by uncontradicted testimony that Ray pursued Kelly from inside the house onto the front lawn while carrying the knife.

■ The question is whether the notion of "going armed" requires more than movement within the confines of one's own property. Ray claims that it does. In support he analogizes to Iowa Code section 724.4, captioned "Carrying Weapons." The statute prohibits a person from going armed with a dangerous weapon, but creates an exception for those going armed in their own dwelling or on land possessed by them. Iowa Code § 724.4(4)(a). Ray's reliance on this section, however, is misplaced.

The landowner's exception to section 724.4 stems from the long-standing notion that possession of weapons in the home is justi-

fied by their use as instruments of defense. *State v. Erickson,* 362 N.W.2d 528, 532 (Iowa 1985). This rationale loses its force, however, when applied to going armed with intent, a crime with an additional element: that the defendant intends to use the weapon "without justification" against another. *See* Iowa Code § 708.8. This important distinction between the statutes reveals that the exception in section 724.4(4)(a) is not transferable to section 708.8. Moreover, the failure to include a similar exception in section 708.8 reveals a legislative intent to exclude it. *See State ex rel. Miller v. Santa Rosa Sales,* 475 N.W.2d 210, 218 (Iowa 1991).

 It is axiomatic that ineffectiveness of counsel may not be predicated on the filing of a meritless motion. *Schertz v. State,* 380 N.W.2d 404, 409 (Iowa 1985). Because the evidence firmly establishes that Ray was "going armed," and no statutory landowner exception applies, his trial counsel cannot be faulted for failure to raise this novel argument at trial. The assignment of error is without merit.

B. *Deposition testimony.* Defendant also contends that trial counsel was ineffective for failing to lodge a specific objection when the State offered Kelly's deposition into evidence in lieu of his live testimony. Under Iowa Rule of Evidence 804(b)(1), deposition testimony may be used at trial if the witness is unavailable and if the party against whom the testimony is offered has had the opportunity and motive to develop the testimony. *State v. Murray,* 512 N.W.2d 547, 551 (Iowa 1994). Although the court noted defense counsel's resistance to admission of the deposition testimony here, no record was made as to the grounds for that resistance. Ray contends that if counsel had properly objected to the admission, the deposition would have been excluded.

 The record reveals that the State's proof of Kelly's unavailability was perfunctory at best. Given the Confrontation Clause issue that is implicated, proof of "unavailability" requires more than a mere showing that a subpoena has been issued and returned unserved. *State v. Dean,* 332 N.W.2d 336, 339 (Iowa 1983); *see also State v. Zaehringer,* 325 N.W.2d 754, 759 (Iowa 1982) (unsub-

stantiated arguments and statement of counsel insufficient to prove witness unavailable).

 Assuming the court erred in permitting the deposition to be read, however, Ray cannot prevail on his ineffectiveness claim because no prejudice has been shown. *State v. Mattly,* 513 N.W.2d 739, 741 (Iowa 1994). Even without Kelly's testimony, the record contains compelling proof on each element of the offenses committed against him. Officer Hughes testified that he observed both Ray's attack on Kelly with the knife and Kelly's attempt to escape. Hughes also repeated Ray's response when ordered to drop the knife, a clear expression of Ray's intent to "get" Kelly. Bucklin stated that she had witnessed Ray pursue Kelly from inside the house to the front yard with the knife in his hand. Based on this eyewitness evidence, we find no reasonable probability that the outcome of the trial would have been different had Kelly's deposition testimony been excluded. That testimony, in fact, was not entirely hostile to the defense. For example, at one point Kelly testified:

> He made a motion at me—I don't know—but I don't really see, you know, that he was actually trying to hurt me or anything, or maybe—you know, it was very slick. He could have been falling on the ice.

In summary, our de novo review convinces us that Ray suffered no prejudice from the admission of the deposition. No reversal based on ineffective assistance of counsel is warranted under this record.

II. *Illegal sentence.*

Iowa Code section 708.2, the statute describing penalties for degrees of assault, specifically provides that punishment for assault with a dangerous weapon is inapplicable where a person is convicted for terrorism or going armed with intent under the same facts. *See* Iowa Code § 708.2(3). The court so instructed the jury here and, because the jury found Ray guilty of going armed with intent to harm Kelly, it did not convict him of assaulting Kelly with a dangerous weapon.

The court did, however, enter judgment on the jury's guilty verdict on the charge of

assaulting Kelly, a simple misdemeanor. Ray challenges the imposition of sentence on this conviction, claiming it violates double jeopardy principles. Citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932), Ray theorizes that he may not be sentenced on a lesser included offense of a crime for which he may not be lawfully sentenced. The reason, he claims, is that the greater and lesser offenses constitute the same crime.

The contention advanced by Ray is unsound. Where a legislative scheme authorizes cumulative punishment for two offenses which, under the *Blockburger* elements test, might be the "same" crime, no double jeopardy violation exists. *Missouri v. Hunter*, 459 U.S. 359, 368–69, 103 S.Ct. 673, 679, 74 L.Ed.2d 535, 544 (1983); *State v. Gallup*, 500 N.W.2d 437, 443 (Iowa 1993). Here the legislature expressly identified going armed with intent and assault with a dangerous weapon as crimes sufficiently similar to merit freedom from duplicate punishment. But the legislature limited the penalty restriction to the crime identified in section 708.2(3). The statutory restriction does not extend to the penalty for simple assault under section 708.2(4). Any extension of the statute's scope would be contrary to the evident legislative intent. *See Santa Rosa Sales*, 475 N.W.2d at 218 (failure to include exception reveals legislative intent to exclude it).

By limiting application of the exception to section 708.2(3), the legislature has effectively authorized punishment under both section 708.8 and 708.2(4). Thus imposition of punishment for both crimes cannot violate double jeopardy principles. *Gallup*, 500 N.W.2d at 443. The judgment of the district court must be affirmed.

**AFFIRMED.**