**IN THE COURT OF APPEALS OF IOWA**

No. 15-0940
Filed April 6, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES NORMAN HARRIS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Gary E. Wenell,

Judge.


        James Harris appeals his convictions and sentences for assault with intent

to inflict a serious injury and going armed with intent.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

James Harris appeals his convictions and sentences for assault with intent to inflict a serious injury and going armed with intent. He raises three claims on appeal. First, he challenges the sufficiency of the evidence to support his conviction for going armed with intent. He also claims his trial counsel was ineffective in failing to object to the jury instruction for going armed with intent. Finally, he claims the court abused its discretion in sentencing him. We affirm.

**I. Background Facts and Proceedings.**

Chance Niles was playing pool with Harris at the Dive Bar in Sioux City when an argument began between the two. The bartender, John Nguyen, told the men that the bar was closing and ordered them to leave. The bartender had Harris leave the bar first. The bartender had Niles stay in the bar for approximately five minutes before having him leave. As Niles left the building, Harris was standing against the wall to the right of the door. Niles felt Harris strike him in the back of the head with what Niles at first believed to be Harris's fist, only later realizing that he was being stabbed with a knife.

After struggling with Harris, Niles was able to wrestle Harris to the ground, get on top of him, and punch Harris several times in an attempt to defend himself and take the knife from Harris. Harris did not let go of the knife. The bartender came out and managed to kick Harris's hand until he released the knife.

Eventually, Harris left the scene with his girlfriend. Nguyen brought Niles back into the bar and called the police. Niles was taken to the hospital where he was treated for multiple wounds to the back of the head and neck. The knife was never located.

Harris was charged with going armed with intent and willful injury causing bodily injury. A jury trial was held, and Harris was called to testify. Harris did not deny that he fought with Niles but claimed he did not instigate the fight or have a knife. Harris testified that he was having a cigarette outside when Niles came outside, backed him up to the wall, and threw him to the ground. Harris's girlfriend also testified that she did not see Harris with a knife; she was unable to recall how Niles received his wounds.

The jury found Harris guilty of going armed with intent and assault with intent to inflict serious injury. The district court sentenced him to five years in prison on the going-armed-with-intent charge and two years in prison on the assault-with-intent-to-inflict-serious-injury charge. The sentences were ordered to run consecutively for a prison term of not more than seven years. Harris appealed.

**II. Sufficiency of the Evidence.**

Harris first claims there is insufficient evidence to support his conviction for going armed with intent. Specifically, Harris argues there was insufficient evidence that he moved from one place to another while armed with a knife. We review his claim for correction of errors at law, viewing the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found him guilty beyond a reasonable doubt. *See State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004).

Iowa Code section 708.8 (2013) states: "A person who goes armed with any dangerous weapon with the intent to use without justification such weapon against the person of another commits a class 'D' felony." Although section

708.8 does not define "going armed," our supreme court has held that "armed" means "the conscious and deliberate keeping of a dangerous weapon on or about the person, available for immediate use," while "going" "necessarily implicates proof of movement." *State v. Ray*, 516 N.W.2d 863, 865 (Iowa 1994). Therefore, the element of "going armed" is satisfied when the evidence shows a defendant pursued the victim while carrying a dangerous weapon. *See id.*

Harris argues there is insufficient proof of movement because no one saw him with the knife before Niles was on top of him. However, evidence of any movement in pursuit of the victim may be sufficient to support a conviction for going armed with intent. *Id.* This is true whether the defendant pursues the victim from the house to the front yard, *see id.*, across a house, *see State v. Slayton*, 417 N.W.2d 432, 435 (Iowa 1987) (affirming conviction for going armed with intent where defendant carried gun into his parents' bedroom), or even across a room, *cf. State v. Pearson*, 804 N.W.2d 260, 265 n.1 (Iowa 2011) (holding evidence the defendant pursued the victim across a kitchen is sufficient to overcome a motion for judgment of acquittal).

There is sufficient evidence Harris was "going armed" to support his conviction for going armed with intent. Niles denied having a knife, and no one saw Niles in possession of one. The evidence that Niles sustained stab wounds supports the finding that Harris possessed a knife during the fight. Nguyen and Niles testified that Harris had a knife in his possession during the fight and repeatedly stabbed and attempted to stab Niles. Although Harris denied he was in possession of a knife and his girlfriend testified she did not see Harris with a knife, it was for the jury to determine which testimony was credible, and it was

within the jury's right to reject the self-serving claims of Harris and his girlfriend. *See State v. Dudley*, 856 N.W.2d 668, 676 (Iowa 2014) ("Our system of justice vests the jury with the function of evaluating a witness's credibility."); *State v. Wedelstedt*, 265 N.W.2d 626, 627 (Iowa 1978) ("It is elementary the jury is at liberty to take and reject from the testimony of various witnesses as it chooses.").

A reasonable jury could infer from the evidence that Harris was in possession of a knife before leaving the bar, satisfying the movement element of the carrying-with-intent charge. But even assuming Harris was not in possession of the knife inside the bar, the evidence remains sufficient to show the element of movement. Niles testified Harris stabbed him several times while he attempted to fight Harris off before the two men fell to the ground. Harris continued attempting to stab Niles while Niles sat atop him, attempting to restrain or disarm him. When Niles got up, Harris rose to his feet and again attempted to stab Niles, making lunges at him. Because the evidence is sufficient to prove the elements of the crime, we affirm Harris's conviction for going armed with intent.

### III. Ineffective Assistance of Counsel.

Harris next contends the jury instruction on going armed with intent was insufficient because it did not include the element of movement. Because his trial counsel did not object to the instruction, Harris raises this as an ineffective-assistance-of-counsel claim.

We review ineffective-assistance claims de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). In order to prove his claim, Harris must prove both that his trial counsel failed to perform an essential duty and he was

prejudiced as a result. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). His claim fails if he fails to prove either element. *See id.*

The State concedes the marshalling instruction omits the element of movement and counsel's failure to object to its omission was "likely" a breach of an essential duty. However, the State argues Harris cannot show he was prejudiced by this failure. We agree. To prove prejudice, Harris must show a reasonable probability that had his trial counsel acted competently, the result of the proceeding would have been different. *See id.* Had trial counsel objected to the instruction, there is no reasonable probability the outcome would have been different because, as stated above, there is substantial evidence by which the jury could find the element of movement was proved beyond a reasonable doubt. Because Harris cannot show he was prejudiced by any failure of his counsel, his ineffective-assistance claim fails.

**IV. Sentencing.**

Finally, Harris challenges the sentences imposed. We reverse a sentence imposed within the statutory maximum only if an abuse of discretion is shown. *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015). In exercising its discretion, the court must weigh "all pertinent matters," "including the nature of the offense, the attending circumstances, [and] the defendant's age, character, and propensities or chances for reform." *Id.* An abuse of discretion is shown where the court exercises its discretion on grounds or for reasons that are clearly untenable or unreasonable. *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014).

Harris first argues the court abused its discretion in sentencing him to consecutive sentences because the court improperly considered his decision to stand trial rather than plead guilty as a lack of remorse. In sentencing Harris, the trial court stated its "reasons for selecting this sentence are enumerated in the record and include the recommendation of the presentence report and the consecutive nature and the fact that they are different events" before specifically citing "the nature and seriousness of the offense and the defendant's total lack of acceptance of responsibility for this event." The presentence investigation report recommended Harris be sentenced to prison, noting Harris "failed to express any empathy for the victim of this offense" and "denies that he is guilty of any charges."

While it is impermissible for the sentencing court to consider a defendant's decision to stand trial rather than plead guilty an indication of a lack of remorse, *see State v. Knight*, 701 N.W.2d 83, 87 (Iowa 2005), the record does not support Harris's claim that the sentencing court did so here. The court did consider Harris's "total lack of acceptance of responsibility" but never stated it construed Harris's decision to stand trial as indicative that Harris failed to accept responsibility. The presentence investigation report, which the sentencing court relied on, states: "The Defendant maintains that he is innocent of all charges with the instant offense." Furthermore, Harris spoke at the sentencing hearing, and rather than stating his remorse, he indicated his bewilderment over having been convicted, stating he did not feel his conviction was fair and referring to the incident as "this supposed altercation" and Niles as "the supposed victim."

Harris also argues the court abused its discretion in imposing consecutive sentences because the court considered the crimes for which he was convicted separate events rather than part of the same event. Harris claims that because "the evidence presented was the same for both crimes," the court could not impose consecutive sentences. However, our supreme court has held cumulative punishments—including consecutive sentences—may be imposed on multiple convictions that result from a single act as long as those convictions represent separate and distinct criminal offenses. *See State v. Perez*, 563 N.W.2d 625, 627 (Iowa 1997) (stating that cumulative punishment may be imposed in a single trial if the legislature authorizes punishment under two statutes); *State v. Criswell*, 242 N.W.2d 259, 260 (Iowa 1976) (noting that a defendant convicted of multiple criminal offenses that were committed in the course of a single transaction may be sentenced to consecutive terms if the offenses are separate and distinct). Because Harris was found guilty of separate and distinct criminal offenses, consecutive sentences could be imposed.

The district court acted within its discretion in sentencing Harris to consecutive prison terms. Accordingly, we affirm.

**AFFIRMED.**