# IN THE COURT OF APPEALS OF IOWA

No. 15-0265
Filed May 25, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GARY D. EGGERS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Mitchell County, Gregg R. Rosenbladt, Judge.

The defendant appeals following his conviction and sentence for the crime of injury or interference with a police service dog, a serious misdemeanor, in violation of Iowa Code section 717B.9(1) (2013). **AFFIRMED.**

Karl G. Knudson, Decorah, for appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., Vogel, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, Senior Judge.**

Gary Eggers challenges his conviction and sentence under Iowa Code section 717B.9(1) (2013). He contends a pretrial agreement between the parties was breached, violating his right to due process and resulting in an unfair trial. He also argues the verdict is not supported by substantial evidence. Finally, he maintains he received ineffective assistance of counsel.

## I. Background Facts & Proceedings

On March 28, 2014, a sheriff's deputy from the Mitchell County Sheriff's Office went to Gary Eggers' home to serve Eggers with an arrest warrant and to take Eggers into custody. When Eggers saw the deputy, he initially drove his vehicle down his driveway as though to leave the property, before reversing course away from the deputy, who had parked at the end of Eggers' driveway, back toward his house. The deputy—seeking to intimidate Eggers—took his service dog, Winnie, out of the car, and the two began running toward the house. Eggers exited his vehicle and walked to the house.

Eggers, the deputy, and the dog arrived at the house's front door nearly simultaneously. A struggle ensued, with Eggers inside the house and the deputy and his dog outside trying to force their way into the house. During this struggle, Winnie's rear paw got stuck in the door jamb of Eggers' door, causing her to yelp once. The door was opened and closed twice. When the deputy informed Eggers the dog's paw was stuck in the door, Eggers opened the door to allow the dog to be freed and then shut the door again.

Winnie sustained cuts to the padding of her paw as a result. She was taken to a veterinarian for treatment, where she received stitches. She was off duty for two weeks to recover.

Eggers was charged under Iowa Code section 717B.9. Subsection (1) of that section provides "[a] person who knowingly, and willfully or maliciously torments, strikes, administers a nonpoisonous desensitizing substance to, or otherwise interferes with a police service dog, without inflicting serious injury on the dog, commits a serious misdemeanor." Subsection (2) creates a class "D" felony for a person who, inter alia, "knowingly, and willfully or maliciously . . . tortures" or "injures, so as to disfigure or disable, a police service dog." Eggers was charged with both crimes.

On the morning of trial, counsel had a discussion with the presiding judge. The parties agreed to treat the serious-misdemeanor charge as a "lesser included" offense of the felony charge. The State also agreed that, as to the felony charge, its theories of prosecution were limited to two of the six possible bases for the crime ("[t]ortures a police service dog" and "[i]njures, so as to disfigure or disable, a police service dog"). The court noted, "We'll have to reengineer the jury instructions a little bit, but if both counsel are in agreement on going that direction, I can, too, and we can just read [the felony charge] and then treat [the serious-misdemeanor charge] as a lesser included." During this discussion, Eggers' counsel also confirmed he would not be raising either self-defense or justification as a defense.

Among the jury instructions the jury eventually received were numbers ten and eleven. Instruction ten provided the State needed to prove these two elements:

1. On or about March 28, 2014, the defendant injured a police service dog so as to disfigure or disable it.
2. The defendant did so knowingly and willfully or maliciously.

Instruction eleven provided the State needed to prove these two elements:

1. On or about March 28, 2014, the defendant tormented, struck, or otherwise interfered with or injured a police service dog.
2. The defendant did so knowingly and willfully or maliciously.

During both opening and closing arguments, the prosecutor referred to Eggers "slamming" the door on Winnie's paw multiple times. During closing argument, the prosecutor argued, "By simply avoiding the officer and the dog and running into the house and shutting the door he interfered with the police service dog." At that point, defense counsel objected that this was a misstatement of the law, and the lawyers engaged in a discussion with the court outside the presence of the jury. When the jury returned, the court instructed the jury to disregard the prosecutor's statement about what constitutes interference. During closing argument, the prosecutor also referred to the jury instructions:

> So take an example here. If the State has proven that Mr. Eggers knowingly and willfully interfered with a police service dog, I've proven number 11. Injury doesn't enter into the equation on number 11, okay, it's not a part of it. It can be. It's an option. Doesn't have to. I don't have to have any injury. Interference is enough. Knowingly and willfully interfering is enough. If I've proven that, I've proven number 11. I think I have proven number 11, I think I've proven number 10. I've definitely proven number 11.
> Sometimes in my own mind I look at things, you know, I [analyze] things and I look and say, which is—you know, which is better? I can be pretty sure of two things at one time but think maybe be a little more sure of one than the other. You know, I think both are true, but I definitely think this is. I don't think that's

that unusual. So if I were to put this in those kind of terms, I would say, okay, you know, I think—I think I've proven number 10, I think I've proven number 11, I'm pretty sure, but, okay, I know I've proven number 11. I think I've proven number 10, but I know I've proven number 11.

At that point, Eggers' counsel objected on the basis that the prosecutor was expressing a personal belief. The court noted the objection and asked the prosecutor to refrain from expressing any personal belief.

The jury found Eggers guilty of a serious misdemeanor. Eggers made a motion for a new trial, which was denied. Eggers was sentenced. He now appeals.

## II.    Standard of Review

Claims a defendant's right to due process was violated are reviewed de novo. *State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013). We review claims regarding sufficiency of the evidence for correction of errors at law. *State v. Dewitt*, 811 N.W.2d 460, 467 (Iowa 2012).

Claims of ineffective assistance of counsel are reviewed de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). This is our standard because such claims have their basis in the Sixth Amendment to the United States Constitution. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). To prevail on a claim of ineffective assistance of counsel, Eggers must prove by a preponderance of the evidence (1) counsel failed to perform an essential duty and (2) prejudice resulted from the failure. *See State v. Rodriguez,* 804 N.W.2d 844, 848 (Iowa 2011). To establish prejudice, Eggers must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See State v. McCoy,* 692 N.W.2d 6, 25

(Iowa 2005). Eggers' claim fails if either element is lacking. *See Everett v. State,* 789 N.W.2d 151, 159 (Iowa 2010). An attorney's improvident trial strategy, miscalculated tactics, or mistakes in judgment do not necessarily amount to ineffective assistance of counsel. *State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006). Furthermore, because tactical decisions by counsel must be judged within the context of the totality of the circumstances on a case-by-case basis, it is often necessary to preserve such allegations for postconviction proceedings so that the record can be more fully developed. *Id.*; *see also* Iowa Code § 814.7(3) (2013) ("If an ineffective assistance of counsel claim is raised on direct appeal from the criminal proceedings, the court may decide the record is adequate to decide the claim or may choose to preserve the claim for [postconviction proceedings].").

### III. Analysis

Eggers contends the inclusion of "otherwise interfered with" in jury instruction eleven constitutes a breach of the parties' pretrial agreement to limit the State's theories to "torture" and "injury," while presenting the serious-misdemeanor charge as a lesser-included offense of the felony. He contends this breach is a violation of due process that resulted in an unfair trial. Assuming without deciding Eggers has preserved error on this issue, we can find nothing in the record to support his belief the parties had such an agreement. The parties agreed that certain elements of the felony charge—for example, whether Eggers set a booby trap device to kill the dog—were irrelevant. *See* Iowa Code § 717B.9(2)(c). But there was no equivalent narrowing of the misdemeanor

charge. Because there was no pretrial agreement, there was no breach, and consequently, no due process violation.

Eggers next argues the verdict was not supported by substantial evidence. The finding below is "binding on appeal if supported by substantial evidence." *State v. Jorgensen*, 758 N.W.2d 830, 834 (Iowa 2008). We consider all the evidence and the record in the light most favorable to the factfinder's decision and draw all legitimate inferences in support of the verdict. *State v. Hearn*, 797 N.W.2d 577, 580 (Iowa 2011).

There are two elements of the crime of which Eggers was convicted: (1) tormenting, striking, administering a nonpoisonous desensitizing substance to, or otherwise interfering with a police service dog; and (2) doing so knowingly, and willfully or maliciously. *See* Iowa Code § 717B.9(1). Without needlessly setting forth the facts of the case again, we believe substantial evidence supports the verdict. Evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt exists. *See Jorgensen*, 758 N.W.2d at 834. The district court did not err in denying Eggers' motion for a new trial.

Finally, Eggers contends his counsel was ineffective—first, for failing to object to prosecutorial misconduct. We find the record adequate to address this claim. Namely, he points to three separate instances of alleged prosecutorial misconduct. The first instance is the attorney's misstatement of the law on interference during closing argument. The second instance is the attorney's alleged expression of personal opinion ("I know I've proven number 11") during closing argument. The third instance is the attorney's repeated references in

opening and closing argument to "slam," "slamming," or "slammed" in reference to Eggers' closing of his door on the day in question.

When the prosecutor misstated the law on interference, defense counsel objected, the jury was excused, the lawyers met with the court, and when the jury returned, the court issued an instruction to the jury. Eggers now contends two subsequent statements were a resumption of improper argument meriting objection or mistrial. Those two statements are, "The second and third time that door was shut Eggers knew that dog was physically obstructed. That's the point," and "Instruction eleven doesn't require injury." These do not misstate the law or resume the alleged improper argument. Eggers' counsel was not ineffective here; counsel objected timely to the prosecutor's misstatement and the court told the jury to disregard the prosecutor's misstatement of the law. The subsequent statements challenged here do not merit an objection.

The prosecutor's alleged expression of personal opinion was objected to by defense counsel. The court noted the objection and cautioned the prosecutor. We cannot say Eggers' counsel was ineffective in so acting.

The references to "slamming" the dog's foot in the door do not misstate the facts in evidence. The deputy agreed several times with the prosecutor's characterization of the incident as "slamming." Therefore, we would not say this language, while perhaps emotional, is inflammatory.

Eggers also alleges his counsel was ineffective for failing to raise justification as a defense to the serious-misdemeanor charge. This claim is preserved for possible postconviction relief to allow defense counsel an opportunity to be heard. *See State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978).

He also claims counsel was ineffective in failing to object to the inclusion of the "otherwise interfered with" language in the jury instructions. The record is sufficient for us to address this argument. This claim relates to the alleged agreement between Eggers and the State and would have required Eggers to object to the inclusion of an element of the crime in the jury instructions. Such an objection would have been meritless. *See State v. Ray*, 516 N.W.2d 863, 866 (Iowa 1994) ("It is axiomatic that ineffectiveness of counsel may not be predicated on the filing of a meritless motion.").

**AFFIRMED.**