**IN THE COURT OF APPEALS OF IOWA**

No. 16-1201
Filed May 17, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SUEZ ANN SMITH,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Calhoun County, William C.
Ostlund (plea) and Joel E. Swanson (sentencing), Judges.


        A defendant challenges the factual basis for her guilty plea to going armed
with intent.  **SENTENCE VACATED AND REMANDED WITH DIRECTIONS.**


        Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant
Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant
Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**TABOR, Judge.**

During a fight with her boyfriend, Suez Ann Smith drew her Pink Lady .38 special revolver, and as he left her apartment, she fired through the closed door, barely missing him. The State originally charged her with intimidation with a dangerous weapon, a class "C" felony. In exchange for her guilty plea, the State reduced the charge to going armed with intent, a class "D" felony. She now claims her attorney was ineffective in allowing her to plead guilty when the record revealed no factual basis to support the "going" element of the amended charge. Because the existing record does not show the proof of movement necessary to sustain a conviction for going armed, we vacate Smith's sentence and remand to give the State an opportunity to establish a factual basis.

## I.     Facts and Prior Proceedings

According to the minutes of evidence, A.T. called the Lake City police just before 3:00 a.m. to report his girlfriend, Smith, "pulled a handgun" on him and fired a shot in his direction as he was leaving her apartment. Police responded to the apartment and found "a single bullet hole in the door approx[imately thirty-six] inches from the floor and right in the middle of the door."

Smith admitted firing the shot. She also gave police consent to search her apartment. Officers seized the Pink Lady revolver from a case in Smith's bedroom closet. They also seized ammunition from the bedroom nightstand.

The State filed a trial information in October 2015, accusing Smith of intimidation with a dangerous weapon, in violation of Iowa Code section 708.6 (2015). The minutes of evidence included the expected testimony of A.T. and police officers who searched Smith's apartment and heard Smith's admission to

shooting the gun. Smith reached a plea agreement with the State in May 2016, and entered an *Alford* plea[1] to the reduced charge of going armed with intent, in violation of section 708.8. The sentencing court imposed an indeterminate five-year prison term. Smith now appeals.

## II.        Standard of Review/Legal Principles for Attacking Plea

Because ineffective-assistance claims are grounded in the Sixth Amendment, our review is de novo. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). Smith bears the burden to prove by a preponderance of the evidence her plea counsel breached an essential duty and the breach resulted in prejudice. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). If counsel permitted Smith to plead guilty and to waive her right to file a motion in arrest of judgment when the record revealed no factual basis to support the plea, counsel breached an essential duty. *See State v. Philo*, 697 N.W.2d 481, 485 (Iowa 2005). In the absence of a factual basis, we presume prejudice. *See State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). This presumption of prejudice occurs both when the defendant was charged with the wrong crime and when it is possible the State can establish a factual basis on remand. *See State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014) (remanding to give the State an opportunity to establish a factual basis for separate acts of intimidation with a dangerous weapon).

---

[1] When a defendant enters an *Alford* plea, she does not admit participation in the acts constituting the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970). Rather, she consents to imposition of a sentence based on her belief the State's evidence is sufficient for a reasonable jury to convict. *See id.*

### III.  Analysis of Factual-Basis Claim

After bargaining with the prosecutor, Smith entered an *Alford* plea to going armed with intent.  The legislature defined that crime as follows: "A person who goes armed with any dangerous weapon with the intent to use without justification such weapon against the person of another commits a class 'D' felony."  Iowa Code § 708.8.  On appeal, Smith does not dispute that the Pink Lady revolver was a dangerous weapon or that she armed herself with the revolver while harboring the intent to use it without justification against her boyfriend.[2]  Her sole objection is to the factual basis for the verb "goes."

The "going" element of going armed with intent "necessarily implicates proof of movement."  *See State v. Harris*, 891 N.W.2d 182, 186 (Iowa 2017) (quoting *Ray*, 516 N.W.2d at 865); *see also State v. Pearson*, 804 N.W.2d 260, 265 n.1 (Iowa 2011).  An armed defendant need not cover any great distance. *See, e.g.*, *Harris*, 891 N.W.2d at 187 (finding sufficient movement when defendant left the inside of bar and waited for victim while leaning against the outside wall of bar); *Pearson*, 804 N.W.2d at 265 n.1 (finding movement across kitchen sufficient); *Ray*, 516 N.W.2d at 865 (finding movement from house to front yard sufficient).  But some movement is required.  *See State v. Taylor*, 596 N.W.2d 55, 57 (Iowa 1999).

Smith contends her attorney was remiss in letting her enter an *Alford* plea to going armed when nothing in the record available to the plea-taking court indicated that she made any appreciable movement while armed with the

---

[2] For this statute, "armed" means to deliberately keep a dangerous weapon "on or about one's person, available for immediate use."  *See State v. Ray*, 516 N.W.2d 863, 865 (Iowa 1994) (citation omitted).

revolver with the intent to use it against her boyfriend. Without facts to support such movement, no basis exists for her plea to that crime. *See Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014) (reiterating that "[a]t the time of the guilty plea, the record must disclose facts to satisfy all elements of the offense").

Under Iowa Rule of Criminal Procedure 2.8(2)(b), the district court is required to find the factual basis supporting the plea on the record at the plea hearing. *State v. Finney*, 834 N.W.2d 46, 61 (Iowa 2013). When the defendant raises a challenge to the factual basis for the plea on appeal, "the entire record before the [plea-taking] court may be examined." *Id.* at 62. In looking for a factual basis, we may consider the prosecutor's statements, the defendant's statements, the minutes of evidence, and the presentence investigative (PSI) report if it is ready at the time of the plea. *Rhoades*, 848 N.W.2d at 29. We also may take judicial notice of any "well-known facts." *Id.*

In this case, where Smith entered an *Alford* plea and the PSI was not completed, the only available source of facts is the minutes of evidence. The minutes reveal Smith and A.T. argued, and according to A.T., Smith "pulled a handgun" and "fired a shot" toward him. A.T. did not tell police Smith pursued him through her apartment with the weapon. Smith told police she fired the gun through the door, but her admission did not include facts to support movement. The police eventually found the gun in her closet and bullets on her nightstand.

The State believes two alternative scenarios emerge from the minutes: "either the defendant had the gun on her person during the entire argument" or "she went to her bedroom closet to retrieve the weapon during the argument and then walked back into the main room, where the door was." The State contends,

if the second scenario occurred, the "going" element of the crime was satisfied. The State also argues Smith "could have easily been moving *toward* the door when she fired the shot."

The evidence before the plea-taking court did not have to prove beyond a reasonable doubt that Smith committed the crime of going armed; the minutes only needed to provide "a factual basis to support the charge." *See Finney*, 834 N.W.2d at 62. But the State's speculation regarding how Smith's conduct *may have* satisfied the movement element of going armed is not grounded upon actual information included in the minutes. Under these circumstances, we conclude the record does not show a factual basis for Smith's plea to the charge of going armed. *See Schminkey*, 597 N.W.2d at 792.

"Where a guilty plea has no factual basis in the record, two possible remedies exist." *Id.* If the State charged Smith with the wrong crime, we must vacate the judgment of conviction and sentence and remand for dismissal. *See id.* But if it is possible the State could show a factual basis, the appropriate remedy is to vacate the sentence and remand for further proceedings to give the State an opportunity to establish a factual basis. *See State v. Burtlow*, 299 N.W.2d 665, 670 (Iowa 1980). This case falls in the second category.

We set aside the sentence and remand to give the State a chance to establish a factual basis for going armed. If the State cannot show a factual basis, Smith's plea must be set aside. *See Schminkey,* 597 N.W.2d at 792. If that occurs, the State may reinstate the original charge that was dismissed in contemplation of the plea agreement. *See Gines*, 844 N.W.2d at 442.

**SENTENCE VACATED AND REMANDED WITH DIRECTIONS.**