# IN THE COURT OF APPEALS OF IOWA

No. 17-1267
Filed March 21, 2018

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**SAMUEL FRANK DIGHT,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Floyd County, Peter B. Newell, District Associate Judge.

Samuel Dight appeals his guilty plea to possession of a controlled substance with intent to deliver. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Samuel Dight appeals his guilty plea to possession of a controlled substance with intent to deliver. He contends his plea was not voluntarily and intelligently made because the district court failed to advise him at the plea proceeding of the statutory surcharge contained in Iowa Code section 911.1 (2017) and that his plea could affect his federal immigration status.

By failing to file a motion in arrest of judgment to challenge the plea, Dight did not preserve error. *See* Iowa R. App. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). However, Dight also claims his attorney was ineffective in allowing the alleged plea-related errors and for failing to file a motion in arrest of judgment to challenge the plea. "[I]f the guilty plea resulted from ineffective assistance of counsel, the defendant can challenge the plea under the rubric of ineffective assistance of counsel." *State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017); *see also State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules."). "Claims of ineffective assistance of counsel implicate the constitutional right to counsel; therefore, we review the claim de novo." *State v. Lopez*, ___ N.W.2d ___, ___, 2018 WL 672085, at *2 (Iowa 2018).

To succeed on his ineffective assistance-of-counsel claim, Dight "must establish by a preponderance of the evidence that '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *Id.* (quoting *State v. Harris*, 891 N.W.2d 182, 185 (Iowa 2017)); *accord Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)). When challenging a guilty plea through a claim of ineffective assistance of counsel, "in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006).

"Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands," among other things, "[t]he maximum possible punishment" and "[t]hat a criminal conviction . . . may affect a defendant's status under federal immigration laws." Iowa R. Crim. P. 2.8(2)(b)(2)–(3). As to the former advisement, the court must inform the defendant of, and determine the defendant understands, the applicability of statutory surcharges. *See State v. Fisher*, 877 N.W.2d 676, 686 (Iowa 2016).

Here, it is undisputed that the district court failed to advise Dight of the statutory surcharge contained in Iowa Code section 911.1 and that his plea could affect his federal immigration status. We find the record inadequate to decide whether Dight was prejudiced by either failure and repeat our position that the "circumstances underlying the defendant's willingness to go to trial are facts that should be permitted to be more fully developed" in a postconviction-relief

proceeding.[1] *State v. Delacy*, ___ N.W.2d ___, ___, 2017 WL 1735684, at *4 (Iowa Ct. App. 2017), *further review denied* (Jan. 16, 2018); *see also State v. Gaston*, No. 16-1957, 2017 WL 4317310, at *2 (Iowa Ct. App. Sept. 27, 2017), *further review denied* (Nov. 22, 2017); *State v. Iddings*, No. 15-1597, 2017 WL 246049, at *5 (Iowa Ct. App. June 7, 2017); *State v. Bascom*, No. 15-2173, 2017 WL 1733115, at *1 (Iowa Ct. App. May 3, 2017), *further review denied* (Jan. 16, 2018); *State v. Taylor*, No. 16-0762, 2017 WL 1735682, at *1–2 (Iowa Ct. App. May 3, 2017).

We affirm Dight's conviction but preserve his claims of ineffective assistance of counsel for postconviction relief.[2]

**AFFIRMED.**

---

[1] The State urges that Dight is a United States citizen and he therefore cannot show any reasonable probability he would have demanded a trial had he been advised about immigration consequences. Although the initial arrest report, which was attached to the minutes of evidence, indicates Dight is a United States citizen, Dight never stipulated to the accuracy of the minutes of evidence or otherwise admitted to the court that he is a United States citizen. Rather than simply rely on the arrest report, we prefer to allow Dight's citizenship status to be properly examined in a postconviction-relief proceeding.

[2] Dight seems to contend the supreme court's recent ruling in *State v. Weitzel*, 905 N.W.2d 397 (Iowa 2017), requires automatic vacation of his conviction and sentence. In *Weitzel*, due to the district court's failure to inform the defendant of the necessity to file a motion in arrest of judgment to challenge his guilty plea, the defendant was able to challenge his plea on direct appeal on the merits. *See* 905 N.W.2d at 401–02. Here, however, the district court informed Dight of his right to file a motion in arrest of judgment. Therefore, because he did not preserve error, his only avenue for relief is through a claim of ineffective assistance of counsel. *Weitzel* is inapplicable on the issue of disposition.