# IN THE SUPREME COURT OF IOWA

No. 15–0940

Filed February 24, 2017

**STATE OF IOWA,**

    Appellee,

vs.

**JAMES NORMAN HARRIS,**

    Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Woodbury County, Gary E. Wenell, Judge.

A defendant claims his trial counsel was ineffective for failing to challenge the sufficiency of the evidence of an element of the going-armed-with-intent offense and for failing to object to a jury instruction omitting that element. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Louis S. Sloven, Assistant Attorney General, Patrick Jennings, County Attorney, and Terry C. Ganzel, Assistant County Attorney, for appellee.

**HECHT, Justice.**

A late-night game of pool at a bar in Sioux City led to an argument between the defendant and another man. The argument led to a physical altercation outside the bar, and the other man sustained stab wounds. For his actions in the fight, the defendant was convicted of going armed with intent and willful injury causing bodily injury. On appeal, the defendant contends his defense counsel provided ineffective assistance of counsel in failing to challenge the sufficiency of the evidence supporting submission of the going-armed-with-intent charge to the jury and failing to object to the jury instruction on going armed with intent on the ground it omitted the "going" element of that charge. We conclude defense counsel was not ineffective in failing to challenge the sufficiency of the evidence because the State produced substantial evidence of the "going" element. We further conclude, however, that the jury instruction omitted an element of the charged offense and defense counsel was ineffective in failing to object to it.

### I.  Factual and Procedural Background.

The following facts are supported by substantial evidence in the record. James Harris, his girlfriend, and Chance Niles were at the Dive Bar in Sioux City around midnight on the evening of September 26, 2013. All three had consumed a significant amount of alcohol during the evening. Harris and Niles wagered as they began a series of five late-night games of pool. Harris accused Niles of cheating and the two men yelled and hurled obscenities at each other. The bartender eventually told the two men it was time to close the bar and they must leave.

Harris exited the bar ahead of Niles. When Niles came out of the bar approximately five minutes later, he encountered Harris waiting outside the bar. The conflict resumed and Harris and Niles pushed each

other. Niles turned—intending to walk away from the fight—and Harris struck him multiple times about the head and neck with a knife. As the fight between the two men continued on the ground, Niles gained an advantage and was on top of Harris. While the two men wrestled on the ground, Harris's girlfriend joined the fray by kicking Niles. The bartender heard the commotion and went outside. He saw Niles on top of Harris who was holding a knife in his hand. Niles eventually let Harris get up and leave the scene with his girlfriend. Niles then went to the hospital where medical personnel treated at least seven wounds on the back of his head, his neck, and his arm.

Harris was subsequently charged with going armed with intent in violation of Iowa Code section 708.8 (2013), a class "D" felony, and willful injury causing bodily injury in violation of Iowa Code section 708.4(2), also a class "D" felony. In his motion for judgment of acquittal at the close of the State's case-in-chief during the jury trial, defense counsel challenged the sufficiency of the evidence supporting the going-armed-with-intent charge, contending specifically that "the evidence lacks in showing any intent on Mr. Harris' part that he [intended] to use a dangerous weapon in this matter."[1] Counsel renewed his motion for judgment of acquittal at the close of the evidence, contending in relevant part "there was no going armed with intent because there was no knife on [Harris]." Counsel's motion did not specifically challenge the sufficiency of the evidence supporting a finding that Harris moved any distance while armed with a dangerous weapon and with the required specific intent.

---

[1] Defense counsel also challenged the sufficiency of the evidence supporting the willful injury claim, but the merits of that challenge are not before us in this appeal.

Instruction No. 17—the marshalling instruction on the going-armed-with-intent charge—read as follows:

> In order to find the Defendant James Harris guilty of Going Armed with Intent as charged in Count I of the Trial Information, the State must prove all of the following elements:
>
> 1. On or about the 26th day of September, 2013, here in Woodbury County, Iowa, the defendant was armed with a knife.
>
> 2. The knife was a dangerous weapon as defined in Instruction No. 19.
>
> 3. The defendant was armed with the specific intent to use the knife against another.
>
> If you find the State has proved all of the elements, the defendant is guilty of Going Armed with Intent. If the State has failed to prove any one of the elements, the defendant is not guilty of Going Armed with Intent.

Notably, this instruction did not include the element of going or moving with specific intent to use it against Niles. Defense counsel did not object to the omission.

Harris was convicted of going armed with intent and assault with intent to inflict a serious injury—a lesser-included offense of willful injury and an aggravated misdemeanor. The court sentenced Harris to indeterminate terms of incarceration for five years on the charge of going armed with intent and two years on the charge of assault with intent to inflict serious injury, and ordered the terms to be served consecutively.

Harris appealed, claiming his defense counsel provided ineffective assistance in failing to challenge the sufficiency of the evidence supporting a finding that he moved (the "going" element of the offense) while armed with a dangerous weapon and with the intent to use it without justification against the person of another. *See* Iowa Code § 708.8. Harris also claimed counsel was ineffective for failing to object

to the omission of the "going" element in Instruction No. 17.[2] We transferred the appeal to the Iowa Court of Appeals. On April 6, 2016, the court of appeals decided in relevant part that (1) the evidence that Harris "moved" while armed and with the requisite intent sufficiently supported his conviction for going armed with intent and (2) Harris failed to show he was prejudiced by his trial counsel's failure to object to the absence of the "going" element in Instruction No. 17. We granted Harris's application for further review.

## II. Scope of Review.

Because defense counsel did not challenge the sufficiency of the evidence supporting the submission of the going-armed-with-intent charge to the jury and did not object to the omission of the "going" element in Instruction No. 17, error was not preserved for our review on either of these issues. *State v. Horness*, 600 N.W.2d 294, 297 (Iowa 1999). Consequently, our review of the merits of the issues turns on whether Harris has established his counsel rendered ineffective assistance. *Id.*

We review ineffective-assistance-of-counsel claims de novo. *Id.* Harris bears the burden of proving by a preponderance of the evidence that "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006); *accord Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 2064–65, 80 L. Ed. 2d 674, 693–94 (1984). Prejudice is established if "there is a reasonable probability that, but for the counsel's

---

[2]Harris also contends on appeal that the sentencing court abused its discretion in failing to state reasons for imposing a consecutive sentence. Because we conclude the conviction on the going-armed-with-intent charge must be reversed, we need not address the sentencing issue.

unprofessional errors, the result of the proceeding would have been different." *State v. Reynolds*, 746 N.W.2d 837, 845 (Iowa 2008) (quoting *Bowman v. State*, 710 N.W.2d 200, 203 (Iowa 2006)); *accord Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698. In other words, a party claiming prejudice arising from ineffective assistance of counsel must establish a probability of a different result sufficient to undermine our confidence in the outcome of the case. *See id.*; *see also Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008).

### III. Analysis.

The defendant alleges he received ineffective assistance of counsel because his trial counsel failed to object to the sufficiency of the evidence concerning the "going" element of the going-armed-with-intent offense and to the omission of that element in the marshalling instruction for that offense. Although ineffective-assistance claims are generally addressed in postconviction-relief proceedings, "we will consider [them] on direct appeal where the record is adequate." *Horness*, 600 N.W.2d at 297. We conclude the record is adequate to address both claims of ineffectiveness in this case.

In assessing the effectiveness of the assistance provided by Harris's trial counsel, we presume he acted competently. *See id.* at 298. The presumption of competency in this context is overcome in this case if we find Harris has proved his counsel's performance "fell below the normal range of competency." *Id.* Trial counsel is not ineffective in failing to urge an issue that has no merit. *State v. McPhillips*, 580 N.W.2d 748, 754 (Iowa 1998).

**A. Sufficiency of the Evidence of "Going."** Iowa Code section 708.8 provides that "[a] person who goes armed with any dangerous weapon with the intent to use without justification such weapon against

the person of another commits a class "D" felony." Iowa Code § 708.8. The phrase "going armed" is not defined in the statute. We have previously held, however, that "armed" in this context means "the conscious and deliberate keeping of a [dangerous weapon] on or about the person, available for immediate use." *State v. Ray*, 516 N.W.2d 863, 865 (Iowa 1994) (alteration in original) (quoting *State v. Alexander*, 322 N.W.2d 71, 72 (Iowa 1982)). We have also explained that the "going" element of going armed with intent "necessarily implicates proof of movement." *Id.*; *see also State v. Pearson*, 804 N.W.2d 260, 265 n.1 (Iowa 2011).

In making determinations on the sufficiency of the evidence, "we . . . view the evidence in the light most favorable to the state, regardless of whether it is contradicted, and every reasonable inference that may be deduced therefrom must be considered to supplement that evidence." *State v. Jones*, 281 N.W.2d 13, 18 (Iowa 1979). "We will uphold a trial court's denial of a motion for judgment of acquittal if the record contains substantial evidence supporting the defendant's conviction." *State v. McCullah*, 787 N.W.2d 90, 93 (Iowa 2010). "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *State v. Jorgensen*, 758 N.W.2d 830, 834 (Iowa 2008). Evidence relevant to an issue of fact can be either direct or circumstantial, or both. *State v. Stamper*, 195 N.W.2d 110, 111 (Iowa 1972).

We turn now to the record in deciding whether a motion for judgment of acquittal by trial counsel challenging the sufficiency of the State's proof of movement by Harris would have been meritorious had it been made. A reasonable fact finder could find beyond a reasonable doubt that Harris possessed and used a knife when he stabbed Niles

several times outside the bar. The bartender testified that he saw a knife in Harris's hand during the fight, and the medical evidence reveals Niles's wounds were consistent with a knife attack.

Although there is no direct evidence Harris possessed the knife as he argued with Niles before exiting the building, a reasonable fact finder could find based on circumstantial evidence that he did. The knife attack occurred in close temporal proximity to an intense verbal conflict between Harris and Niles inside the bar. After the heated verbal conflict inside, Harris walked outside and leaned against an outside wall of the building. He remained there smoking a cigarette for approximately five minutes until Niles came outside and the physical altercation commenced. We find no direct evidence tending to prove Harris gained possession of the knife after walking outside or while waiting for his girlfriend and Niles to come out of the bar. A reasonable fact finder could find from the circumstantial evidence that Harris must have carried the knife as he left the bar because it is unlikely that he gained possession of it while leaning against the wall and waiting outside. Accordingly, we affirm the conclusion reached by the court of appeals on this issue. A reasonable fact finder could find Harris carried the knife as he moved from inside the bar to the outdoors where he attacked Niles.[3] We have

---

[3]The State contends on appeal we should find the evidence of Harris's movement with the knife during the attack on Niles sufficient to support the conviction on the going-armed-with-intent charge. In particular, the State suggests direct and circumstantial evidence of the numerous stab wounds and disparate locations of blood spatters together with other direct evidence of Harris's acts during the assault suffice as substantial evidence that Harris moved while using the knife as a weapon. As we find other circumstantial evidence that Harris possessed the knife as he walked from inside the bar to the location outside where the attack occurred constitutes substantial evidence of the movement element, we need not decide whether any movement by Harris while committing the other crime of which he was convicted could or would support the going-armed-with-intent conviction.

found movement of similar distances sufficient to satisfy the "going" element. *See Pearson*, 804 N.W.2d at 265 n.1 (finding movement across kitchen sufficient); *State v. Ray,* 516 N.W.2d 863, 865 (Iowa 1994) (finding movement from house to front yard sufficient). A motion for judgment of acquittal based on the failure of proof of the "going" element of the offense would have lacked merit and thus defense counsel did not breach a duty in failing to assert it.

**B. Instructional Error.** In *State v. Hopkins*, we concluded the defendant's trial counsel failed to perform an essential duty when he failed to object to an erroneous jury instruction. 576 N.W.2d 374, 380 (Iowa 1998). As we later explained, however, defense counsel's failure to object to a defective instruction is not necessarily a breach of duty. *See State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2008). In *Ondayog*, we left room for the possibility that a defense counsel's failure to object to an erroneous lesser-included-offense instruction might have been motivated by a strategic choice and therefore might not have constituted a breach of duty. *Id.* (noting trial counsel's failure to object could have been part of a strategic decision to give the jury the option to convict on a lesser crime rather than three "higher offenses"). In this case, we comprehend no possible strategic reason for failing to object to the omission of the "going" element in Instruction No. 17. The defect in Instruction No. 17—the omission of the movement element—was obvious given our recent decision in *Pearson*.[4] Accordingly, we conclude defense counsel breached a duty in failing to object to the flawed instruction.

---

[4]Indeed, the State's brief concedes the failure to object to the omission of the "going" element "was likely a breach of an essential duty." The State offers no possible strategic reason for defense counsel's failure to object.

The question remains whether Harris's conviction on the going-armed-with-intent charge must be reversed as a consequence of defense counsel's breach of duty. Harris contends on appeal that our decision in *Pearson* requires reversal. In *Pearson*, the defendant—a juvenile offender—was charged with first-degree robbery, willful injury, and going armed with intent. *Pearson*, 804 N.W.2d at 262. Pearson objected to the marshalling instruction on the going-armed-with-intent charge on the ground it omitted movement as an element of the offense. *State v. Pearson*, No. 09–1798, 2010 WL 5050575, at *2 (Iowa Ct. App. Dec. 8, 2010), *aff'd*, 804 N.W.2d 260. The court overruled this objection. *Id.*

Pearson appealed from his conviction on first-degree robbery and going armed with intent. We transferred the appeal to the court of appeals, which ruled in relevant part that Pearson was entitled to a new trial because of the instructional error on the going-armed-with-intent charge. *Id.* at *3. We granted further review in the case but exercised our discretion to decide only the issue of whether the district court had erred in ruling on Pearson's motion to suppress a statement he made before trial to a social worker. *Pearson*, 804 N.W.2d at 265. In a footnote to our decision on further review, we nonetheless expressed our agreement with the court of appeals' determination that the erroneous omission of an element of the offense from the marshalling instruction required a new trial. *Id.* at 265 n.1. Notably, we did not reveal in the footnote whether we agreed with the legal standard applied by the court of appeals in deciding Pearson suffered prejudice as a consequence of the instructional error.[5]

---

[5]We recently noted a split of authority on the question of whether a harmless error analysis should be applied when error is preserved on a jury instruction erroneously omitting an element of a charged offense. *State v. Schuler*, 774 N.W.2d

We conclude *Pearson* is not controlling here. In that case, the defendant preserved the instructional error for our review by objecting to the instruction. Harris must address the instructional error from a different vantage point, however, because his trial counsel did not object to Instruction No. 17. Thus, we must apply the familiar prejudice framework prescribed for ineffective-assistance-of-counsel claims. *See Reynolds*, 746 N.W.2d at 845 (stating claimant must demonstrate there is "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different" (quoting *Bowman*, 710 N.W.2d at 203)).

In assessing the probability of a different result if the elements of going armed with intent had been correctly stated in the marshalling instruction for that offense, we consider whether our confidence in the outcome of Harris's trial is undermined by omission of the element of movement in Instruction No. 17. *See id.* Although we concluded above that substantial evidence supported a finding of movement sufficient to uphold Harris's conviction on the going-armed-with-intent charge, that conclusion does not control our determination of whether prejudice flowed from the flawed marshalling instruction. Upon review of the record, we conclude our confidence in the jury verdict is undermined because the evidence of Harris's movement was not great and the flawed jury instruction did not require the jury to make a finding on that

---

294, 299 (Iowa 2009) (noting some jurisdictions apply the harmless error analysis applied by the United States Supreme Court in *Neder v. United States*, 527 U.S. 1, 10, 119 S. Ct. 1827, 1834, 144 L. Ed. 2d 35, 48 (1999), while other jurisdictions do not). In *Schuler*, we also noted some dissonance in our treatment of the prejudice issue in cases presenting instructional errors preserved for our review. *Id.* at 299–300 (contrasting *State v. Seiler*, 342 N.W.2d 264, 268 (Iowa 1983) (applying harmless error analysis), with *State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006) (reversing a conviction based upon a flawed instruction without harmless error analysis)).

element of the crime. Thus, Harris suffered prejudice as a consequence of defense counsel's failure to object to the omission of the movement element from the marshalling instruction. He is thereby entitled to a jury trial with a proper marshalling instruction on the factual element of movement.

### IV. Conclusion.

We conclude defense counsel did not breach a duty in failing to challenge the sufficiency of the evidence of Harris's movement in the motion for judgment of acquittal. Defense counsel breached a duty, however, in failing to object to the absence of the movement element in the marshalling instruction for the going-armed-with-intent offense. Because our confidence in Harris's conviction of that offense is undermined under the circumstances presented here, we reverse that conviction and remand.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**