# IN THE COURT OF APPEALS OF IOWA

No. 16-1021
Filed July 19, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JONATHAN ANTOINE BROWN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


Jonathan Brown appeals his second-degree-murder conviction.
**AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Jonathan Brown appeals the judgment entered after a jury convicted him of second-degree murder for his role in the death of Timothy Washington, who died after suffering multiple stab wounds in a fight that began at a house party in the early morning hours of June 21, 2015. Witnesses saw Brown in a group fighting Washington, and several of those witnesses saw Brown holding a knife in his hand and stabbing Washington during the fight. On this basis, the State charged Brown with first-degree murder. After a trial, a jury found Brown guilty of the lesser-included offense of second-degree murder with a dangerous weapon, a class "B" felony, and the district court sentenced Brown to a term of imprisonment not to exceed fifty years.

Brown challenges the trial court's evidentiary rulings, arguing the court erred in admitting evidence of his prior bad acts and hearsay evidence. He first contends the court abused its discretion in denying his motion in limine and allowing evidence of his prior bad acts. *See State v. Huston*, 825 N.W.2d 531, 536 (Iowa 2013) ("We review evidentiary rulings for abuse of discretion."). Specifically, he argues evidence that he was involved in two other stabbings that occurred at the party around the time of Washington's stabbing was inadmissible under Iowa Rule of Evidence 5.404(b). That rule prohibits evidence of prior bad acts meant "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Iowa R. Evid. 5.404(b)(1). However, evidence of prior bad acts evidence may be admissible for the purpose of proving "motive, opportunity, intent, preparation, plan,

knowledge, identity, absence of mistake, or lack of accident." Iowa R. Evid. 5.404(b)(2).

The trial court was within its discretion in admitting evidence concerning Brown's involvement in other stabbings that occurred at the party. That evidence was not introduced to show Brown had a propensity for stabbing others. Rather, it was relevant to the question of opportunity and identity because it showed Brown had a knife in the moments leading up to the fight with Washington. Witnesses also testified Brown made statements after stabbing others at the party that indicated he was going to continue stabbing persons, which was relevant to his plan.

Brown also challenges the admission of statements made by law enforcement officers in a video of his police interview. He claims the statements were inadmissible hearsay, violated his right to confront witnesses against him, and impermissibly commented on his credibility and the credibility of other witnesses. He argues the risk of unfair prejudice outweighed any probative value of that evidence. *See* Iowa R. Evid. 5.403 (providing the court "may exclude relevant evidence if its probative value is substantially outweighed by the danger of . . . unfair prejudice").

We review the admission of hearsay evidence for correction of errors at law. *See State v. Huser*, 894 N.W.2d 472, 495 (Iowa 2017). If the court improperly admitted hearsay evidence, we presume the error is prejudicial unless the State can show it was harmless beyond a reasonable doubt. *See id.* In making this determination, we first consider what evidence the jury actually considered in reaching its verdict and then weigh the probative force of that

evidence against the probative force of the erroneously admitted evidence standing alone. *See State v. Kennedy*, 846 N.W.2d 517, 527-28 (Iowa 2014).

Any error to Brown in admitting the statements made in a video of Brown's police interview was harmless. Multiple eyewitnesses observed Brown fighting Washington with a knife in his hand and witnessed Brown stabbing Washington. The probative force of that evidence outweighs the probative force of the evidence Brown challenges. Because the evidence did not influence the outcome of the trial, it was harmless. *See Huser*, 894 N.W.2d at 497 (stating "error is harmless if the court is sure the evidence did not influence the jury or had only slight effect"). For the same reason, we reject Brown's claim that his trial counsel was ineffective by failing to request a limiting instruction regarding the evidence challenged on appeal. *See State v. Harris*, 891 N.W.2d 182, 185 (Iowa 2017) (articulating requirement that defendant establish "a probability of a different result sufficient to undermine our confidence in the outcome of the case" in order to succeed on ineffective-assistance-of-counsel claim).

We affirm Brown's conviction for second-degree murder.

**AFFIRMED.**