# IN THE COURT OF APPEALS OF IOWA

No. 15-2069
Filed July 19, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOHNNY AHMAN MADISON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Monona County, Steven J. Andreasen, Judge.

Johnny Madison appeals his conviction of possession of a controlled substance, marijuana (first offense). **AFFIRMED.**

John P. Beauvais Jr., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A state trooper stopped a vehicle driven by Johnny Madison. In a subsequent search of the vehicle, the trooper found a bag of marijuana on the center console next to Madison, small jars of marijuana residue in the back seat, and two bags of marijuana inside a pair of shoes belonging to Madison.

The State charged Madison with possession of a controlled substance, marijuana (first offense). *See* Iowa Code § 124.401(5) (2013). A jury found him guilty as charged. On appeal, Madison contends his trial attorney was ineffective in failing to object to a jury instruction that defined possession as including "actual" as well as "constructive" possession. In his view, there was insufficient evidence of actual possession to incorporate this language in the instruction. *See State v. Maxwell*, 743 N.W.2d 185, 196 (Iowa 2008) (stating a district court should not give an instruction that is unsupported by the evidence).

To prevail on his ineffective-assistance-of-counsel claim, Madison must prove the breach of an essential duty and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Prejudice is established if 'there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Harris*, 891 N.W.2d 182, 185-86 (Iowa 2017) (quoting *State v. Reynolds*, 746 N.W.2d 837, 845 (Iowa 2008)); *accord Strickland*, 466 U.S. at 694. While we normally preserve these claims for postconviction relief, we find the record adequate to address this claim on direct appeal. *See State v. Virgil*, 895 N.W.2d 873, 879 (Iowa 2017); *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

The instruction stated:

> 2. <u>Possession</u>: The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession. A person who has direct physical control over a thing on his person is in actual possession of it. A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it. A person's mere presence at a place where a thing is found or proximity to the thing is not enough to support a conclusion that the person possessed the thing. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint. Whenever the word "possession" is used in the instructions above, it includes actual as well as constructive possession and sole as well as joint possession.

*Cf.* Iowa Crim. Jury Instructions 200.47 (2015) (same). Assuming without deciding that the evidence was insufficient to support the "actual possession" portion of this instruction, Madison cannot establish *Strickland* prejudice. In closing arguments, the prosecutor only argued for a finding of constructive possession. He stated, "There are a number of different possession possibilities that the instruction defines. It talks about actual possession . . . , but in this case, ladies and gentlemen, we are talking about constructive possession." Later, he reiterated, "[I]n this case, we are talking about constructive possession. Constructive possession." Because the prosecutor withdrew actual possession as an alternative, there is no reasonable probability of a different outcome had counsel objected to the actual possession language in the instruction. *See Thorndike*, 860 N.W.2d at 323 (finding no *Strickland* prejudice in counsel's failure to object to an alternative in an instruction, where "the State effectively removed that alternative from the jury's consideration during its closing argument").

Madison also asserts he "may have additional claims based upon ineffective assistance of counsel that are not immediately apparent from the record" and "any other claims based upon ineffective assistance of counsel . . . should be preserved for a post-conviction [relief] proceeding." "[A]n ineffective-assistance-of-counsel claim 'need not be raised on direct appeal . . . in order to preserve the claim for postconviction relief purposes.'" *Id.* at 319 (quoting Iowa Code § 814.7(1)). We decline to take any action with respect to this assertion.

We affirm Madison's conviction, judgment, and sentence for possession of marijuana.

**AFFIRMED.**