# IN THE COURT OF APPEALS OF IOWA

No. 17-0125
Filed June 6, 2018

**ANDREW BRASEAN BUCHANAN,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Andrew Buchanan appeals the denial of his application for postconviction relief. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Andrew Buchanan appeals the denial of his application for postconviction relief. Upon our de novo review, we affirm.

### I. Background Facts and Proceedings.

In 2013, Andrew Buchanan and Daevone Brown were charged by trial information with first-degree robbery, and a joint trial was set for June 2013. Prior thereto, a hearing to "make a record in this matter regarding the status of the plea negotiations" as to both defendants was held in May 2013. During the hearing, Buchanan and Brown each indicated he wanted to accept the plea offer extended by the State. However, after further discussions, Buchanan decided to proceed to trial rather than plead guilty. The State informed Brown he could still accept the offer but noted he would be required to testify against Buchanan. Brown then declined the State's offer, and the trial date remained scheduled for June.

The June 2013 trial began as scheduled, and voir dire was commenced. When the parties returned from the noon recess, the prosecutor advised the court that the State and Buchanan and Brown had reached plea agreements. After a lengthy colloquy, including advising Buchanan and Brown of the necessity to file a motion in arrest of judgment should either wish to challenge his guilty plea, the court accepted the plea agreements and set a date in July 2013 for sentencing.

At the July sentencing hearing, Brown informed the court he wished to file a motion in arrest of judgment and withdraw his guilty plea, and he and the prosecutor both requested the sentencing date be continued. Buchanan's attorney advised the court Buchanan was prepared for sentencing but also requested the hearing "be continued for personal reasons." His attorney further stated:

> . . . [Buchanan] has no intention at this time [of] disturbing the agreement that he has made with the State that was put on the record at the time of the plea. But he does understand, I've explained to him off the record over here, that he does understand that . . . Mr. Brown withdrawing his plea successfully will affect the deal that Mr. Buchanan has made and that effectively, his plea that he entered into would be affected by Mr. Brown withdrawing his plea. And so even though he would like to keep the deal that he has made in place with the twenty-six years with no mandatory minimum, he understands that his case will be impacted by Mr. Brown's motion.

The court continued the hearing.

The next hearing was held August 2, 2013. Though Buchanan was again ready to proceed to sentencing on the accepted plea agreement, Brown stated he wanted to pursue his motion in arrest of judgment to have his guilty plea set aside, and he also requested new counsel be appointed due to a conflict with his attorney. Specifically, he was unhappy with his attorney's advice and the terms of the offer he accepted. The court determined that new counsel should be appointed to Brown and a hearing set on Brown's motion in arrest of judgment, with sentencing to follow if necessary. The court directed Buchanan and his counsel to attend that hearing, noting Buchanan had "at least a limited amount of standing in regard to the motion in arrest of judgment to the extent that it would affect [Buchanan] ultimately."

The hearing on Brown's motion in arrest of judgment was held August 20, 2013. There, Buchanan's counsel stated Buchanan

> still . . . wants his plea to go through at this point in time. But he understands that if Mr. Brown's plea is taken back and he's allowed to withdraw his guilty plea, that Mr. Buchanan's guilty plea goes away as well and then they both are set for trial on the original counts.
> . . . .
> . . . [W]e would like the court to not grant Mr. Brown's motion. But if the court does grant Mr. Brown's motion, I want to be clear that Mr. Buchanan, he already knows that his plea can be affected. And

> if the court grants Mr. Brown's motion, Mr. Buchanan wants to go to trial sitting next to Mr. Brown, so he would want his plea to be withdrawn as well. That's part of the plea agreement between the parties.
>
> He has no desire to participate in Mr. Brown's trial in any other fashion other than being a co-defendant if the court grants Mr. Brown's motion. So I just want to be clear about that, because Mr. Buchanan is aware that [the prosecutor] could argue to keep Mr. Buchanan's plea in place and then try to subpoena him to come in and testify against Mr. Brown. And Mr. Buchanan has no desire for that to occur.
>
> Whatever happens to Mr. Brown, Mr. Buchanan will go along with that. So if you withdraw it, he wants to sit next to him and go to trial. And if you don't withdraw it and you keep it in place, he still wants to sit next to Mr. Brown.

Ultimately, the court was "not confident that [Brown's] plea was voluntary" and granted Brown's motion. The court acknowledged "both [Brown's and Buchanan's] pleas were negotiated to be joint pleas, and as such the pleas of both defendants are revoked and withdrawn. The State is free to reinstate the original charges and any other charges allowable under the law against these defendants."

A joint trial was held thereafter, and the jury found both Buchanan and Brown guilty of second-degree robbery. *See State v. Buchanan*, No. 13-1999, 2015 WL 162028, *3 (Iowa Ct. App. Jan. 14, 2015). Buchanan was sentenced to an indeterminate term of no more than ten years in prison. *Id.* He appealed the conviction, and we affirmed. *See id.* at *4. We also affirmed Brown's conviction. *See State v. Brown*, No. 14-0055, 2015 WL 239340, *2 (Iowa Ct. App. May 20, 2015).

In 2015, Buchanan filed an application for postconviction relief (PCR). Among other things, Buchanan asserted his trial counsel was ineffective by withdrawing his guilty plea without his consent. In support thereof, Buchanan filed

an affidavit stating he "did not authorize [his] attorney to withdraw [his] plea of guilty."

Trial on the PCR application was held thereafter. Buchanan's trial counsel acknowledged that Buchanan wanted to keep the deal; however, Buchanan also "flat out said he was not going to testify" against Brown. Buchanan's trial counsel explained that, to comply with the terms of the plea agreement, Buchanan would have to testify against Brown if Brown did not accept the plea, and Buchanan "said more than once he would not testify, so that is a breach of the agreement. . . . [Buchanan] knew specifically, that if he wanted to proceed, he would have to testify. [Buchanan] had said that he would not testify against [Brown]."

Buchanan admitted at the PCR trial he had told his trial counsel he "wasn't going to testify at all," but he stated no one talked to him "about what might happen if the guilty plea was allowed to stand and [he] didn't testify against Mr. Brown." Buchanan thought the pleas were locked in because they had already been entered and testified he did not give authority to his trial counsel to withdraw his guilty plea.

Following the trial, the PCR court entered its ruling denying Buchanan's PCR application. The court found Buchanan accepted the joint-plea agreement offered by the State to him and Brown, and the terms of that agreement required Buchanan to testify against Brown if Brown did not accept the plea agreement. The grant of Brown's motion in arrest of judgment resulted in the withdrawal of his guilty plea, requiring Buchanan to testify against Brown to satisfy his end of the bargain for the reduced charges. Because Buchanan steadfastly maintained he

would not testify against Brown, the court concluded Buchanan's trial counsel did not provide ineffective assistance. Additionally, the PCR court pointed out that:

> Because the prosecutor's plea offer was contingent upon both co-defendants accepting, and because Brown's motion in arrest of judgment was granted by the Court, Buchanan's counsel did not provide ineffective assistance. Buchanan's counsel took no part in the offer's revocation; instead, the Court revoked Buchanan's guilty plea. Additionally, even if the prosecutor's offer remained for Buchanan, he maintained he would not testify against his codefendant. The State had no obligation to keep the offer open if Buchanan was not willing to perform his end of the bargain. Furthermore, the State had no obligation to offer another plea bargain to Buchanan after Brown's Motion in Arrest of Judgment was granted.

Buchanan appeals.

## II. Discussion.

Buchanan argues his trial counsel was ineffective in withdrawing his guilty plea and in failing to object to the court's lack of colloquy with him at the latter hearing. Upon our de novo review, *see Diaz v. State*, 896 N.W.2d 723, 727 (Iowa 2017), we disagree on both counts. To succeed on a claim of ineffective assistance of counsel, the applicant must prove "by a preponderance of evidence that '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *See State v. Harris*, 891 N.W.2d 182, 185 (Iowa 2017) (citation omitted). If Buchanan cannot establish both elements, his claim fails; thus, if we find one element lacking, we need not address the other element. *See State v. Schlitter*, 881 N.W.2d 380, 388 (Iowa 2016); *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015).

"Prejudice is established if 'there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been

different.'" *Harris*, 891 N.W.2d at 185-86 (citation omitted). Here, there is simply no reasonable probability that, but for trial counsel's alleged unprofessional errors, the result of the proceeding would have been any different. While written agreements with explicit terms are always more helpful on appellate review, this record clearly evidences Buchanan was aware of the terms he agreed to when he accepted the State's oral plea agreement—that if one defendant declined the State's offer, the other defendant would have to testify against the declining defendant as part of the agreement in exchange for the lesser charge. Buchanan's declaration that he would not testify against Brown was fatal to the plea agreement, and the revocation of his guilty plea by the court was clearly because Buchanan had already decided he would not comply with that condition of the agreement. There is no question Buchanan and Brown both would have liked a different offer from the State, but that does not demonstrate ineffective assistance of counsel. Both Buchanan and Brown indicated they would not testify against the other, so the only way the terms of the State's offer could be met was if both accepted the offer. Brown declined the offer, and Buchanan admitted at the PCR hearing that he was not going to testify against Brown. Though a colloquy on the record between the court, counsel, and a defendant in Buchanan's position could make the record more complete, it is clear under the facts of this case, given Buchanan's declaration he would not testify against Brown, that an additional colloquy with him at the latter hearing would not have made any difference. Consequently, there is no reasonable probability the outcome would have been any different. Because Buchanan cannot establish prejudice, his ineffective-assistance-of-counsel claim fails as a matter of law.

### *III. Conclusion.*

Because Buchanan failed to show his trial counsel was ineffective, we affirm the PCR court's ruling denying his PCR application.

**AFFIRMED.**