# IN THE COURT OF APPEALS OF IOWA

No. 18-0899
Filed December 18, 2019

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**CLIFF ALLEN LOWE,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Appanoose County, Lucy J. Gamon, Judge.

Cliff Lowe appeals his conviction of third-offense possession of a controlled substance, as a habitual offender. **AFFIRMED.**

Mark C. Smith, State Appellate Defender (until withdrawal), and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Doyle, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

Cliff Lowe appeals his conviction of third-offense possession of a controlled substance, as a habitual offender. He claims his counsel rendered ineffective assistance in failing to move for suppression of evidence obtained following an allegedly illegal pretextual stop and subsequent inventory search of a vehicle in which he was a passenger. He argues pretextual stops are illegal under the Iowa Constitution and the inventory search violated both the United States and Iowa Constitutions. He asks that we overrule supreme court precedent and rule he has standing to challenge the seizure and search of a vehicle in which he was a mere passenger.

We review both constitutional issues and claims of ineffective assistance of counsel de novo. *State v. Lilly*, 930 N.W.2d 293, 298 (Iowa 2019). Lowe "must establish by a preponderance of the evidence that '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018) (quoting *State v. Harris*, 891 N.W.2d 182, 185 (Iowa 2017)); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)). A failure to register meritless arguments or motions does not amount to ineffective assistance of counsel. *See Lilly*, 930 N.W.2d at 390; *State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015).

Our supreme court recently declined to overrule longstanding precedent standing for the proposition that pretextual stops are permissible under the Iowa

Constitution. *See State v. Brown*, 930 N.W.2d 840, 846–54 (Iowa 2019); *see also State v. Haas*, 930 N.W.22d 699, 702 (Iowa 2019) (describing the *Brown* decision to be "consistent with precedent in Iowa"). This case also falls squarely within longstanding federal and state precedent holding a mere passenger with no ownership or possessory interest in a vehicle has no legitimate expectation of privacy therein and therefore does not have standing to challenge the constitutionality of a search. *See Rakas v. Illinois*, 439 U.S. 128, 148–50 (1978); *State v. Halliburton*, 539 N.W.2d 339, 342–43 (Iowa 1995); *see also Byrd v. United States*, 138 S. Ct. 1518, 1528 (2018) (reaffirming the *Rakas* holding "that a passenger lawfully in an automobile may not . . . challenge a search unless he happens to own or have a possessory interest in it." (citation omitted)).

Had the issues been raised before the district court, the court would have been required to follow both United States Supreme Court precedent interpreting the federal constitution and our supreme court's precedent interpreting the state constitution, both of which foreclose Lowe's claims under the facts of this case. We find counsel was under no duty to pursue the meritless arguments and Lowe was not prejudiced. We affirm Lowe's conviction.

**AFFIRMED.**