# IN THE COURT OF APPEALS OF IOWA

No. 22-1736
Filed May 22, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHASE BRIAN MEAD,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, David M. Porter, Judge.

Defendant appeals his convictions for possession of methamphetamine with intent to deliver, failure to affix a drug tax stamp, possession of marijuana with intent to deliver, and possession of a firearm as a felon. **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., Chicchelly, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**CARR, Senior Judge.**

Chase Mead appeals his convictions for possession of methamphetamine with intent to deliver, failure to affix a drug tax stamp, possession of marijuana with intent to deliver, and possession of a firearm as a felon. We conclude there is substantial evidence in the record to show Mead had constructive possession of the methamphetamine, marijuana, and firearm. Also, the district court did not abuse its discretion in sentencing Mead. We affirm his convictions and sentences.

## I.     Background Facts & Proceedings

From evidence presented at the trial, the jury could find the following facts. On February 22, 2022, Amanda Steinbach was a passenger in Mead's vehicle, a black Cadillac Escalade. Steinbach had been released from jail earlier in the day and Mead picked her up as a favor for a friend. While the vehicle was stopped at a convenience store, Steinbach called a friend, who called the West Des Moines police department giving her location and relating that she felt uncomfortable and wanted assistance. Steinbach had a purse and suitcase in the vehicle. Neither Steinbach nor Mead claimed she had any other items with her.

When officers arrived at the scene, one officer observed a small black case that he believed looked like a gun case in the vehicle.[1] Mead told officers the vehicle did not contain any firearms or narcotics. He appeared to be nervous. Officers conducted a search of the vehicle and found a pipe with methamphetamine residue in the center console, along with documents belonging to Mead. Behind the center console there was a backpack with a firearm and

---

[1] The black case was later determined to contain a ratchet set.

baggies of marijuana. In the pocket behind the front passenger seat there were baggies with methamphetamine residue. Also, on the floor behind the driver's seat officers found a fanny pack that had a digital scale, baggies, and methamphetamine. There was a man's hat next to the fanny pack. Following the search, Mead said, "none of that's mine."

Mead was charged with possession of methamphetamine with intent to deliver, in violation of Iowa Code section 124.401(1)(b)(7) (2022); failure to possess a tax stamp, in violation of section 453B.3 and 453B.12; possession of marijuana with intent to deliver, in violation of section 124.401(1)(d); and possession of a firearm as a convicted felon, in violation of section 724.26(1). The State also asserted Mead was a habitual offender.

The jury found Mead guilty of the charges.[2] He was sentenced to terms of imprisonment not to exceed seventy-five years, fifteen years, thirty years, and fifteen years, to be served concurrently. Mead appeals his convictions and sentences.

## II.    Sufficiency of the Evidence

Mead contends there is not sufficient evidence in the record to show he had knowledge or possession of the methamphetamine, marijuana, or firearm. He points out the items were not in his actual possession and asserts the State did not adequately show he had constructive possession of them.

We review sufficiency of the evidence claims for the correction of errors at law. *State v. Lilly*, 930 N.W.2d 293, 298 (Iowa 2019). "In making determinations

---

[2] Mead stipulated to his prior convictions.

regarding the sufficiency of the evidence, we 'view the evidence in the light most favorable to the state, regardless of whether it is contradicted, and every reasonable inference that may be deduced therefrom must be considered to supplement that evidence.'" *Id.* (quoting *State v. Harris*, 891 N.W.2d 182, 186 (Iowa 2017)). We will uphold a defendant's conviction if it is supported by substantial evidence. *Id.* "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* (quoting *Harris*, 891 N.W.2d at 186). "The evidence must at least raise a fair inference of guilt and do more than raise mere suspicion, speculation, or conjecture." *State v. Soboroff*, 798 N.W.2d 1, 6 (Iowa 2011).

A criminal conviction may be based on either actual or constructive possession of a controlled substance or a firearm. *See State v. Jones*, 967 N.W.2d 336, 341 (Iowa 2021). This case is based on claims of constructive possession. Constructive possession is based on inferences and is based "on the peculiar facts of each case." *State v. Brown*, ___ N.W.3d ___, 2024 WL 1684833, at *4 (Iowa 2024) (quoting *State v. Reed*, 875 N.W.2d 693, 705 (Iowa 2016)). For constructive possession, a defendant must have knowledge of the item and "the authority or right to maintain control of it." *Reed*, 875 N.W.2d at 705.

A defendant's proximity to the item is pertinent, but is not sufficient to show dominion and control. *Id.* When a defendant does not have exclusive occupation of an area, the court considers four nonexclusive factors to determine if a defendant has constructive possession:

> (1) incriminating statements made by a person; (2) incriminating actions of the person upon the police's discovery of a controlled substance among or near the person's personal belongings; (3) the

person's fingerprints on the packages containing the controlled substance; and (4) any other circumstances linking the person to the controlled substance.

*Id.* at 706 (quoting *State v. Kern*, 831 N.W.2d 149, 161 (Iowa 2013)).

In the present case, first, Mead stated on his own accord that there were no firearms or narcotics in the vehicle. Second, he did not claim Steinbach had any items in the vehicle other than the purse and suitcase. Steinbach confirmed she only had her purse and suitcase. Third, no fingerprints were taken, so this factor is inapplicable. Fourth, a pipe with methamphetamine residue was found in the center console, along with documents belonging to Mead. Other items were found in areas easily accessible to Mead, as the driver of the vehicle. The marijuana and firearm were found inside a backpack that was between the two seats behind the center console. The baggies containing methamphetamine residue were recovered from the back pocket of the front passenger seat—which was within Mead's reach while driving. The fanny pack containing the scale, plastic baggies, and bag of methamphetamine was discovered on the floor behind the driver's seat.

Additionally, when we are discussing a vehicle, the court may consider:

(1) was the [contraband] in plain view, (2) was it with the accused's personal effects, (3) was it found on the same side of the car seat as the accused or immediately next to him, (4) was the accused the owner of the vehicle, and (5) was there suspicious activity by the accused.

*Brown*, ___ N.W.3d at ___ (quoting *State v. Carter*, 696 N.W.2d 31, 39 (Iowa 2005)).

The contraband was not in plain view. However, as noted, the pipe with methamphetamine residue was found with documents addressed to Mead in the center console of the vehicle. There were other documents belonging to Mead in

the vehicle as well. Also, there was a man's hat by the fanny pack that contained the scale, plastic baggies, and methamphetamine. The contraband was found either directly behind the driver's seat or immediately behind the passenger seat, where Mead had access to the items. The car was registered to Mead. On the issue of suspicious activity, the officers testified Mead seemed "nervous," "standoffish," "agitated," "defensive," and "kind of amped up."

Considering the evidence as a whole, we determine there is substantial evidence in the record to support the jury's finding that Mead had knowledge of the methamphetamine, marijuana, and firearm, and had the authority and right to maintain control over these items. *See Reed*, 875 N.W.2d at 705. The items were within easy access to Mead and he owned the vehicle. There was no evidence Steinbach had anything other than her purse and suitcase in the vehicle. The State was not required to show the items did not belong to Steinbach; our only question is whether there is substantial evidence to show Mead had constructive possession of the items. *See Jones*, 967 N.W.2d at 342 (noting "the State is not required to negate any and all rational hypotheses of the defendant's innocence").

### III. Sentencing

Mead claims the district court abused its discretion by sentencing him to seventy-five years in prison. At the sentencing hearing, Mead requested fifty years in prison on the charge of possession of methamphetamine with intent to deliver, to run concurrently with his other sentences. The State requested a total of sixty-five years in prison. Mead contends the court did not adequately consider his character reference letters.

Sentencing decisions are reviewed for abuse of discretion or for a defect in the sentencing procedure. *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006). The reviewing court gives sentencing decisions by the district court a strong presumption in their favor. *State v. Wilbourn*, 974 N.W.2d 58, 67 (Iowa 2022).

At the sentencing hearing, the court admitted Mead's character reference letters into evidence. In considering the letters, the court stated:

> Mr. Mead, I certainly understand that your family and your friends and your supporters here were under a belief, and presumably you were as well, that I could suspend this sentence. Mr. Mead, even if I could suspend the sentence, given your criminal history and given the red flags, I would not suspend that sentence. Your criminal history is too problematic.

The court did not improperly neglect to consider the letters, but gave its reasons for not following the recommendations from Mead's supporters.

The court additionally stated:

> Mr. Mead, I understand the recommendation of the parties. Your attorney's effectively asking me to impose a term not to exceed 50 years on Count I and run everything else concurrent. The State is asking me to impose a term on Count I of 60 years with all but Count IV being run concurrent. The State is asking me to run that term consecutive to all your other terms for a term not to exceed 65 years. I will not follow either one of those recommendations, Mr. Mead. You have reached a point in your life given your criminal history, where the need to protect the public for as long as we possibly can is of paramount concern. Given the fact that you continually engage in the same behavior, given the fact that you are multiple—you've committed multiple felonies, given the fact that you commit those felonies while in possession of firearms. [The prosecutor], I certainly understand your argument as to why the terms should be run consecutive, specifically Count I and Count IV. The State's argument during the trial however was drug dealers use the firearms to protect

the drugs. And so in that sense in my mind, Count I and Count IV arise out of the same common nucleus of operative facts and therefore the terms should be run concurrent with each other. Therefore, Mr. Mead, as it relates to Count I, I will order that you be committed to the custody of the director of the department of corrections for a term not to exceed 75 years.

The other sentences were made concurrent to the seventy-five-year sentence for possession of methamphetamine with intent to deliver.

The court gave thoughtful and articulate reasons for the sentences in this case. We conclude the court did not abuse its discretion in sentencing Mead.

We affirm Mead's convictions and sentences.

**AFFIRMED.**