# In the Iowa Supreme Court

No. 23–1475

Submitted September 9, 2025—Filed October 24, 2025
Amended October 28, 2025

**State of Iowa,**

Appellee,

vs.

**Matthew James Meisheid,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Washington County, Joshua P. Schier, judge.

Challenge to the sufficiency of the evidence supporting convictions for assault against peace officers. **Decision of Court of Appeals and District Court Judgment Affirmed.**

May, J., delivered the opinion of the court, in which all justices joined.

Gary Dickey of Dickey, Campbell, & Sahag Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

**May, Justice.**

Two deputies visited Matthew Meisheid's home to investigate a report of illegal fireworks. Meisheid stepped outside to confront the deputies. He glared at them, cursed at them, and told them to leave. He said that their visit was just "bullshit," needless harassment. But the deputies maintained that they were only there to address a problem with fireworks. Meisheid responded by pulling out a handgun, pointing it at the sky, and saying: "I'll show you a firework: Boom, boom, boom, boom!" The deputies retreated, shaken.

Meisheid was charged with assaulting the deputies by "display[ing] in a threatening manner any dangerous weapon toward another" in violation of Iowa Code sections 708.1(2)(*c*) and 708.3A(2) (2022). A jury found Meisheid guilty. Meisheid appealed, but the court of appeals affirmed. We granted further review.

Meisheid argues that because he did not point or move the gun in the deputies' direction, there is insufficient evidence that he displayed the gun "toward" them. We disagree. Under the relevant jury instructions—to which Meisheid did not object—the jury could find that Meisheid's display of the gun occurred when Meisheid showed the gun to the deputies so that they would become aware of its existence. Because this display was directed at the deputies, the jury could find that the display was made toward the deputies.

### I. Factual and Procedural Background.

About 9:15 p.m. on July 9, 2022, two Washington County deputies were dispatched to a Kalona residence on a report that someone was shooting off fireworks. The deputies knocked on the door several times. Eventually, Matthew Meisheid emerged from the residence to confront the deputies. Because the encounter was recorded by both deputies' bodycams, we have been able to study it closely.

Throughout the encounter, Meisheid made it clear that he was angry about the deputies' visit. He glared at them menacingly. He complained about their presence on his driveway "without a warrant." He demanded that they "get the fuck off [his] property." He said that their visit was just "bullshit." And that he's "getting really fucking tired of you assholes coming to my house blaming me of shit."

Despite Meisheid's hostility, the deputies remained calm and professional. They patiently repeated the reasons for their visit: Kalona's ban on fireworks and a report of illegal fireworks at Meisheid's address. And they asked for Meisheid's assurance that there would be "no more" fireworks from his yard.

Meisheid responded by pulling a handgun from his waist, pointing it straight up, and proclaiming: "I'll show you a firework: Boom, boom, boom, boom!"

Immediately, one of the deputies directed Meisheid to put the gun away. Meisheid complied. Then the deputies backed away to their vehicles, which were parked on the street. Meanwhile, Meisheid continued complaining: "Well you assholes wanna always fuckin' come on my property. Get off my property without a warrant. Get the fuck out of here." And so on.

Meisheid was arrested the next day. The State filed a trial information charging Meisheid with two counts of assault in violation of Iowa Code section 708.1, our general assault statute. The State also charged an enhancement under section 708.3A(2), which makes it a felony to commit an assault against "a peace officer" if the defendant "uses or displays a dangerous weapon in connection with the assault."

Prior to trial, the State filed an amended trial information. It clarified that the assault charges against Meisheid were limited to violations of

subparagraph 708.1(2)(*c*), which makes it an assault to "display[] in a threatening manner any dangerous weapon toward another." But the amended trial information retained the felony enhancement under section 708.3A(2).

The jury found Meisheid guilty as charged. The district judge sentenced Meisheid to prison with a five-year mandatory minimum. *See* Iowa Code § 902.7. Meisheid appealed.

On appeal, Meisheid raised three arguments. First, he argued that there was insufficient evidence that he displayed a dangerous weapon "toward another" as section 708.1(2)(*c*) requires. Second, he argued that there was insufficient evidence that he displayed a weapon "in a threatening manner" as section 708.1(2)(*c*) requires. Finally, he argued that the district court abused its discretion by refusing to reduce his sentence as section 901.10(1) permits.

We transferred Meisheid's appeal to the court of appeals. The court affirmed Meisheid's conviction and sentence. Meisheid sought further review, which we granted.

## II. Issues Reviewed.

When our court grants further review, we have discretion to address any of the issues that were properly raised in the appeal. *State v. Miller*, 4 N.W.3d 29, 34 (Iowa 2024). Here we choose to address Meisheid's argument that there was insufficient evidence that he displayed a dangerous weapon toward the deputies. As to the other issues raised in this appeal, the court of appeals decision stands as the final decision.

## III. Analysis.

We review sufficiency-of-the-evidence challenges for correction of errors at law. *State v. Canady*, 4 N.W.3d 661, 668 (Iowa 2024). Our review is "highly deferential" to the jury's verdict. *State v. Jones*, 967 N.W.2d 336, 339 (Iowa

2021). If substantial evidence supports the verdict, we will uphold it. *Id.* In determining whether substantial evidence supports a verdict, we "view the evidence in the light most favorable to the State," even when "it is contradicted." *State v. Lilly*, 930 N.W.2d 293, 298 (Iowa 2019) (quoting *State v. Harris*, 891 N.W.2d 182, 186 (Iowa 2017)). Plus, "every reasonable inference that may be deduced" from the evidence "must be considered to supplement that evidence." *Id.* (quoting *Harris*, 891 N.W.2d at 186). "[E]vidence is not insubstantial merely because we may draw different conclusions from it; the ultimate question is whether it supports the finding actually made, not whether the evidence would support a different finding." *State v. Brown*, 5 N.W.3d 611, 619 (Iowa 2024) (quoting *Jones*, 967 N.W.2d at 339).

In this case, Meisheid argues that there was insufficient evidence to support a finding that he displayed a dangerous weapon *toward* the deputies. We disagree.

The jury was instructed that the State must prove Meisheid "displayed a dangerous weapon toward [the deputies] in a threatening manner." The instructions then explained:

> [T]he phrase: "Displayed a dangerous weapon in a threatening manner" means to show or make apparent to another person that a dangerous weapon existed so as to intimidate the other person. A firearm is a dangerous weapon.[1]

These instructions allowed the jury to find that Meisheid "displayed" a dangerous weapon if he "show[ed]" another person "that" the weapon "existed." And the jury heard and saw evidence of exactly that: Both the deputies'

---

[1]This instruction matches the Iowa State Bar Association's model instruction. *See* Iowa State Bar Ass'n, Iowa Criminal Jury Instruction 800.5 (2025).

testimony and their bodycam recordings made it clear that Meisheid had indeed "show[ed]" that "a dangerous weapon"—a firearm—"existed."

That same evidence also made it clear that Meisheid's showing of the firearm—his display of its existence—was directed at the deputies and, therefore, was made toward them. Meisheid was facing the deputies and talking to them when he brought the gun out of his pants and held it above his head so the deputies could see it. On top of that, Meisheid announced that he was showing the gun to the deputies: In response to the deputies' inquiries about *fireworks*, Meisheid pulled out *the gun* and said, "*I'll show you* a firework: Boom, boom, boom, boom!" (Emphasis added.) This left little doubt that Meisheid's showing of the gun—his display of its existence—was directed toward the deputies. Or, at least, a reasonable jury could believe that that is what occurred.

Meisheid counters that he did not display the gun "toward" the deputies because he did not display it "in the direction" of the deputies. And, based on the video evidence, it does seem true that Meisheid only moved the gun laterally (to his right), to his rear, and then skyward. In other words, it appears that Meisheid only moved the gun *away from* the deputies. It also appears that the gun's muzzle was only pointed *away from* the deputies. And, as Meisheid notes, *away* "is the opposite of toward." Therefore, Meisheid contends, he did not display the gun "toward" the deputies in violation of section 708.1(2)(*c*).

We disagree. The words of statutes (and jury instructions based on those statutes) need to be read in context. So a word like "toward" should not be read in isolation but together with the words that surround it. And a person can display an object toward another person without moving the object any closer to them or—in the case of a firearm—pointing it at them. For example, the deputies could have displayed their badges "toward" Meisheid by holding them up in the

air so Meisheid could see them, much as Meisheid did with his gun. Or, at least, the jury could find that he did.[2]

**IV. Conclusion.**

Under the instructions that were given to the jury without objection, there was sufficient evidence that Meisheid displayed a dangerous weapon toward the deputies. As to all other issues, the court of appeals decision stands as the final decision in this appeal.

**Decision of Court of Appeals and District Court Judgment Affirmed.**

---

[2]At trial, the jury rejected Meisheid's position that what he had actually displayed to the deputies was a meat thermometer, not a gun.