# IN THE COURT OF APPEALS OF IOWA

No. 17-1342
Filed July 5, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NAJAWUAN M. QUINN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

Najawuan M. Quinn appeals his conviction for possession of a firearm as a felon. **AFFIRMED**.

G. Brian Weiler, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

Davenport police officers recognized a person with an outstanding arrest warrant in the front passenger seat of a vehicle. After the vehicle stopped at a convenience store, officers surrounded it and detained the occupants, one of whom was Najawuan Quinn. Quinn was directly behind the front passenger seat. A later search of the vehicle uncovered two firearms, one stuffed underneath the rear seat cushion on which Quinn had been sitting.

Quinn pled guilty to possession of a firearm as a felon. *See* Iowa Code § 724.26(1) (2017). On appeal, he asserts his plea attorney was ineffective in failing to challenge the factual basis for the plea.

We may review ineffective-assistance-of-counsel claims on direct appeal if the record is adequate to address the claim. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). We find the record adequate to reach the merits. *See State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

To prevail, Quinn must show (1) deficient performance and (2) resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *accord State v. Harris*, 891 N.W.2d 182, 185 (Iowa 2017) (requiring a showing that counsel failed to perform an essential duty and the failure resulted in prejudice). The first prong is satisfied if counsel "permits a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when there is no factual basis to support the defendant's guilty plea." *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014); *see also* Iowa R. Crim. P. 2.8(2)(b) (stating the court "shall not accept a plea of guilty without first determining that the plea . . . has a factual

basis"). Where the first prong is satisfied, "we presume prejudice." *Rhoades*, 848 N.W.2d at 29.

Iowa Code section 724.26(1) requires proof a defendant was "convicted of a felony in a state or federal court" or was "adjudicated delinquent on the basis of conduct that would constitute a felony if committed by an adult" and "knowingly has under the person's dominion and control or possession . . . a firearm or offensive weapon."

During his plea colloquy, Quinn agreed he was previously adjudicated a delinquent to the charge of second-degree theft, which was a felony. Quinn also admitted he "was in possession of a firearm." Although he was not asked whether his possession was "knowing," the minutes of evidence state Quinn "was found to be in the rear passenger seat," he was "first observed . . . bent over" with only "one hand in the air," and his movement led the officers "to believe he was hiding something." *See State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010) (permitting the minutes of evidence to be used to establish a factual basis). On our de novo review of this constitutional claim, we find facts to satisfy the elements of the offense. *See Rhoades*, 848 N.W.2d at 29 ("[T]he record must disclose facts to satisfy all elements of the offense."). Accordingly, we conclude counsel was not ineffective in failing to challenge the factual basis for the plea and in failing to file a motion in arrest of judgment.

We affirm Quinn's conviction for possession of a firearm as a felon.

**AFFIRMED.**