# IN THE COURT OF APPEALS OF IOWA

No. 23-1860
Filed March 5, 2025

**CLARENCE TEJAN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

Clarence Tejan appeals from the district court's denial of his application for postconviction relief. **AFFIRMED.**

Elena M. Greenberg of Greenberg Law, PLLC, Des Moines, appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**SCHUMACHER, Presiding Judge.**

Clarence Tejan appeals the district court's denial of his application for postconviction relief (PCR), raising claims of ineffective assistance of counsel related to counsel's "previous ethical violations" and counsel's failure to call character witnesses at sentencing. Upon our review, we affirm.

## I. Background Facts and Proceedings

Tejan was charged by trial information with second-degree sexual abuse, a class "B" felony, stemming from his alleged sexual abuse of a child under the age of twelve. A conviction on this crime was subject to an indeterminate prison term of twenty-five years with a seventy percent mandatory minimum. Tejan eventually entered a plea agreement in which he pled guilty to two counts of lascivious acts with a child, each subject to an indeterminate ten-year term with no mandatory minimum. At sentencing, Tejan requested that his sentences run concurrently, and the State argued for consecutive sentences. The district court sentenced Tejan to two indeterminate ten-year terms, to be served consecutively.[1] A detainer was issued by Immigration and Customs Enforcement, and Tejan was held in custody. Tejan did not file a direct appeal.

Less than four months after sentencing, Tejan applied for PCR, raising various claims of ineffective assistance of counsel.[2] Following the PCR trial—at

---

[1] These sentences ran concurrently with two additional sentences imposed for revocation of probation in other cases.

[2] Tejan's application was amended by counsel in 2022. At trial on the application, Tejan stipulated that the issues for PCR trial including only those contained in the amended application.

which the court heard testimony from Tejan and trial counsel, Geneva Williams—the district court denied Tejan's application. Tejan appeals.

## II. Standard of Review

We review PCR rulings for correction of errors at law, *Brooks v. State*, 975 N.W.2d 444, 445 (Iowa Ct. App. 2022), and we review ineffective-assistance-of-counsel claims de novo, *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). To establish ineffective assistance of counsel, Tejan must prove both (1) counsel's performance fell below objectively reasonable standards and (2) if counsel had acted differently, there would have been a reasonable probability of a different outcome at trial. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

## III. Analysis

At his PCR trial, Tejan raised claims of ineffective assistance relating to Williams's explanation of legal documents and immigration consequences, as well as Williams's investigation of witnesses for trial and Tejan's background. The district court denied his claims. On appeal, Tejan now claims Williams was ineffective "during sentencing" by failing to contact two potential witnesses, Precious Smith and Julie Phillips, who could have testified.[3] At the PCR trial, Tejan testified he asked Williams to contact these individuals so they would say "that this [crime] was out of character" for him. Williams testified she conducted numerous depositions of other potential witnesses. Williams believed she talked to Smith, but she was unable to reach Phillips. The district court found:

---

[3] Tejan testified Smith is his "daughter['s] mom" and Phillips is "an older lady in the community." He acknowledged neither Smith nor Phillips were "at the home during the time these incidents were to have occurred."

The applicant made allegations that Ms. Williams failed to contact his two potential witnesses. Neither witness was an eye witness. Both were character evidence witnesses. Ms. Williams is correct that in the end the existence or non-existence of these character witnesses was immaterial once he made the decision to plead.

On appeal, Tejan claims Williams's representation during sentencing was impacted by her communications with Smith and Phillips.[4] We conclude this claim was neither raised before nor addressed by the district court. Error was not preserved. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("[I]ssues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Tejan next claims the district court "erred in continuing to defer to [Williams] where [he] presented evidence that [Williams] had been reprimanded for failing in her ethical duty of communication with previous clients." We again conclude this issue was not raised before the district court. We observe that in its ruling, the court noted:

> Ms. Williams does have some prior ethical complaints and reprimands. Some of them have to do with inattentiveness in contacting and maintaining contact with clients. Inattentiveness or lack of contact with the defendant does not appear to be an actual concern in this matter. It appears that Ms. Williams had sufficient contact with the defendant for him to understand all of the facets of his case.

---

[4] To the extent that Tejan contends his PCR counsel was ineffective for failing to "specifically argue or present evidence regarding the ineffective assistance of trial counsel during sentencing," we do not have an adequate record to decide that claim. *See Goode v. State*, 920 N.W.2d 520, 526–27 (Iowa 2018) (declining to address a claim that PCR counsel provided ineffective assistance raised for the first time on appeal from the PCR action because, without evidence to support the claim, "the record on appeal [was] inadequate to address the new claim of ineffective assistance of [PCR] counsel"). Accordingly, we will not consider it.

The court's findings related to Tejan's claims that he was "kept in the dark about his case and that Ms. Williams did not contact him regularly concerning updates." Tejan did not argue that the PCR court should not use the presumption-of-competency standard given the previous ethical violations of trial counsel.

We conclude that Tejan's argument on appeal that due to his trial counsel's prior ethical violations the presumption of competency should be overruled is not preserved for our review. *See State v. Harris*, 891 N.W.2d 182, 186 (Iowa 2017) ("In assessing the effectiveness of the assistance provided by [the defendant's] counsel, we presume he acted competently."). And even if such had been preserved, Tejan cites no authority for this argument, and we are not at liberty to overrule our supreme court precedent. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).

We affirm the district court's denial of Tejan's PCR application.

**AFFIRMED.**